**DIRECTOR, STATE EMPLOYEES WORKERS' COMPENSATION DIVISION, Appellant,**

v.

**Thomas A. CAMARATA, Appellee.**

**No. 08–88–00200–CV.**

Court of Appeals of Texas, El Paso.

March 22, 1989.

Jim Mattox, Atty. Gen., Fred Garrett, Asst. Atty. Gen., Tort Litigation Div., Austin, for appellant.

Dennis L. Richard, Bryan H. Hall, Richard, Lee, Rowley, Cobb & Hall, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

In a worker's compensation case, the jury returned a verdict finding that Appellee suffered temporary total incapacity as a result of an injury received in the course and scope of his employment. We affirm.

Appellee, Thomas A. Camarata, age fifty, had been employed as an auditor for the Texas Department of Human Services for over ten years when he was fired. Before September 30, 1985, his evaluation ratings always met requirements or exceeded requirements of the agency. Before the accident date, he had serious problems with a supervisor (R.L. Gaddy) that resulted in the filing of complaints with the Equal Employment Opportunity Commission (EEOC) and the Texas Commission on Human Rights. In 1979, Appellee was seen by Dr. David Taber, a urologist, who treated him for a variety of hormone problems until October 1981. Appellee had also seen Dr. Richard Walker, a psychologist, in 1982 because of his suffering from tension as a result of his feeling that he had been unfairly treated on his job.

The jury found that Appellee (1) received an injury on September 30, 1985 and (2) the injury occurred in the course of his employment with the Texas Department of Human Services.

Point of Error No. One asserts that the trial court erred in failing to grant Appellant's motion for new trial because there was insufficient evidence of probative force to support the jury finding that an injury occurred in the course and scope of employment with the Texas Department of Human Services.

When considering factual insufficiency evidence challenges, we must consider all of the evidence in the record and after doing so we may only set aside the jury verdict if it is contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Lofton v. Texas Brine Corporation*, 720 S.W.2d 804 (Tex.1986); *Cain, v. Bain*, 709 S.W.2d 175 (Tex.1986).

The crux of the case centers on a memo received by Appellee's supervisor R.L. Gaddy from Steve Brown who was the supervisor of R.L. Gaddy. The memo was in reference to Appellee and it was shown to him on September 30, 1985. The memo read:

'These four [desk audit] problems constitute a 44 percent rejection rate from this batch of Tom's [Appellee's] work. This type of work cannot be tolerated, especially in light of the time your office is taking to complete the task.

I have corrected two of the reports and am returning two for proper completion.

In the past I have sent rejections to the auditor in question (Appellee); however, I have seen no improvement and will route them through you from now on.

If you auditors are having trouble with the desk audits that you cannot solve, please contact me and we will try to work something out.'

Appellee contends that the showing of this memo on September 30, 1985 resulted in the injury suffered by him and that it occurred while in the course and scope of this employment. Appellee testified that the memo was unfairly directed at him, was also inaccurate and resulted in devastation to him. It was so upsetting that he struck his fist against some computer print-out paper.

The evidence before the jury was that this event resulted in Appellee seeing Dr. Luiz Natalicio, a psychologist and Dr. Jack Butler, a psychiatrist. Appellee's complaints to the doctors consisted of nocturia (frequent urination), weakness of the legs, low back pain, blurred vision, loss of sleep, severe anxiety and sleep problems. Both doctors testified that the Appellee had been adversely affected and "injured" by the memo of September 30, 1985. Dr. Butler diagnosed Appellee's condition as "posttraumatic stress syndrome," the same disorder that affects a large number of Vietnam war veterans. Dr. Butler's deposition testimony was read into the record as follows:

'Question: Dr. Butler, do you have an opinion within reasonable medical probability as to whether or not Thomas Camarata was injured on September 30, 1985 upon reading of the Steve Brown memo?

Answer: I do.

Question: And what is that opinion?

Answer: I believe that it is a major stressor which had catastrophic implications for him and caused him to suffer from a post traumatic stress disorder for which I have been treating him since November 13, 1985.'

The Appellant selected a Dr. Arthur Ramirez, a psychiatrist, to conduct a medical examination of Appellee and acknowledged that Appellee had "suffered a condition as a result of the incident on September 30, 1985 [the memo]." The trial court, without objection, submitted a definition of "injury" or "personal injury" which included the following.

A mental trauma can produce an accidental injury so long as there is proof of a definite time, place, and cause.

■ We agree that mental trauma can produce an accidental injury so long as there is proof of a definite time, place and cause. *Transportation Insurance Company v. Maksyn,* 580 S.W.2d 334, 338 (Tex. 1979). Medical testimony as well as the Appellee's testimony was sufficient to trace Appellee's problems to a particular event (the memo) and therefore supported the submission of the issues and the findings of the jury.

Point of Error No. One is overruled.

Point of Error No. Two asserts the trial court erred in denying Appellant's requested instruction that "worry and anxiety over job loss is not connected with what a workman has to do in performance of his contract."

■ Appellant has failed to bring forward in the transcript the requested instruction he complains about in Tex.R.App. P. 50, and has therefore waived any complaint. If the complaint had been properly preserved, the Appellant, in order to obtain a reversal of a judgment on the basis of the trial court's failure to submit a requested instruction, must show that the refusal was reasonably calculated to cause and probably did cause the rendition of an improper verdict. *Smith v. Smith,* 720 S.W.2d 586 (Tex.App.—Houston [1st Dist.] 1986, no writ). This standard must be considered in light of the fact that in a worker's compensation case, the trial court has considerable discretion in deciding what instructions are necessary and proper in submitting issues to the jury. *Charter Oak Fire Insurance Company v. Taylor,* 658 S.W.2d 227 (Tex. App.—Houston [1st Dist.] 1983, no writ). Tex.R.Civ.P. 277. There was sufficient evidence that supported the jury's finding that a compensable injury had been suffered by

Appellee in the course and scope of his employment.

Point of Error No. Two is overruled.

The trial court's judgment is affirmed.