Jessie F. SHANNON, Appellant,

v.

TEXAS GENERAL INDEMNITY COMPANY, Appellee.

No. B14–93–01154–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 8, 1994.

Rehearing Overruled Dec. 29, 1994.

Russell G. Burwell, Barry C. Willey, Texas City, for appellant.

George W. Vie, III, Galveston, for appellee.

Before SEARS, DRAUGHN and BARRON, JJ.

## OPINION

SEARS, Justice.

In this workers' compensation case, the trial court granted summary judgment in favor of Appellee, the insurance carrier for Appellant's employer. Appellant contends material issues of fact exist as to whether she suffered an injury which is compensable under her employer's workers' compensation policy. We affirm.

Appellant was employed by Marathon Oil Company, which during her employment instituted a program to combat drug and alcohol abuse among its employees. As part of the company policy, Marathon subjected its employees to random drug testing, and personal searches while on company premises. On December 16, 1986, Marathon employees searched Appellant's purse and found one tablet of Valium, for which Appellant had no prescription. Although Appellant denied knowledge of how the tablet got into her purse, she was told she should enter a drug treatment program, and was also subjected to a drug screen, which was negative. Subsequently, on September 10, 1987, Appellant was again tested for drugs and alcohol. Although the test results were once again nega-tive, she was informed that she would be periodically tested for drugs in the future, that she was "in the drug program," and that a notation had been entered in her employment file that she was a drug user.

As a result of these episodes, Appellant became increasingly upset and developed symptoms of depression and stress reaction, including panic attacks, nightmares, diarrhea, neck spasms, and severe headaches. She was seen by a physician who recommended hospitalization.

Appellant sought recovery under the Texas Workers' Compensation Act,[1] claiming she sustained a mental injury in the course and scope of her employment. Appellee, the insurance carrier for Marathon's workers' compensation policy, moved for summary judgment, claiming Appellant's fear, anxiety, and continuing stress was not a compensable injury, and was not sustained while she was pursuing the "business" of her employer. The trial court sent the parties a letter which discussed the applicable case law pertaining to compensable mental injuries, and stated "I am inclined to, and do grant the defendant's motion for summary judgment." Two months later, the trial court signed an order granting Appellee's motion for summary judgment, which stated no specific grounds for the decision.

Appellant brings four points of error, in which she claims fact issues exist as to whether the injury is traceable to a definite time, place, and cause, and whether the injury was sustained in the course and scope of employment.

The standard of review for summary judgments is well settled. Summary judgment is proper only when the movant establishes there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Evidence favorable

---

1. Tex.Rev.Civ.Stat.Ann. arts. 8306 to 8309f (Vernon 1967 & Supp.1994), *repealed and reenacted as* Tex.Rev.Civ.Stat.Ann. art. 8308–1.01 et seq. *by* Acts 1989, 71st Leg., 2d C.S., ch. 1, effective January 1, 1991, *repealed by* Acts 1993, 73rd Leg., ch. 269, § 5(2), effective September 1, 1993 (current version at Tex.Lab.Code Ann. §§ 401.001 to 506.001 (Vernon 1994)).

to the non-movant will be taken as true, every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in her favor. *Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists on one or more elements of the plaintiff's cause of action. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990); *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 166–67 (Tex.1987). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theory pled. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983); *Giddings Petroleum Corp. v. Peterson Food Mart, Inc.,* 859 S.W.2d 89, 91 (Tex. App.—Austin 1993, writ denied)..

▇▇▇ When a summary judgment order does not specify the grounds upon which the ruling was granted, the reviewing court will affirm the judgment if any one of the theories advanced in the motion are meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). Although the trial court stated its grounds for granting the summary judgment in a letter to the parties, the actual signed order states no grounds. A letter is not the proper method for apprising the parties of the grounds for the granting of summary judgment, and cannot be considered on appeal as giving the reasons for the judgment. *Martin v. Southwestern Elec. Power Co.,* 860 S.W.2d 197, 199 (Tex.App.— Texarkana 1993, writ denied); *Frank v. Kuhnreich,* 546 S.W.2d 844, 847 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e.). Thus, we may affirm the judgment if any of the theories advanced is meritorious.

Here, Appellant claims she sustained a mental injury for which she can receive workers' compensation benefits. Under the Texas Workers' Compensation Act, an insurance carrier is liable for an employee's condition which arises in the course and scope of employment. TEX.REV.CIV.STAT.ANN. art. 8306 § 3b· (Vernon 1967).[2] Compensation may be had for either an injury or an occupational disease. "Injury" is defined as "damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom." TEX.REV.CIV.STAT. ANN. art. 8306, § 20.[3] An "occupational disease" is one which occurs "as the result of repetitive physical traumatic activities extending over a period of time and arising in the course of employment." *Id.*[4]

▇▇▇ Mental trauma can produce an accidental injury if there is proof of a definite time, place, and cause. *Brown v. Texas Employers' Ins. Ass'n,* 635 S.W.2d 415, 417 (Tex. 1982); *Transportation Ins. Co. v. Maksyn,* 580 S.W.2d 334, 338 (Tex.1979). However, when there is no evidence of a particular event causing the injury, there can be no recovery under workers' compensation. *Brown,* 635 S.W.2d at 416. Additionally, a mental condition caused by a gradual buildup of emotional stress over a period of time is not compensable as an occupational disease without accompanying physical force or exertion. *Maksyn,* 580 S.W.2d at 338 (quoting *Ayer v. Industrial Comm'n,* 23 Ariz.App. 163, 531 P.2d 208 (1975)). In other words, there is no recovery for "repetitive mental traumatic activity," as distinguished from physical repetitive activity. *Maksyn,* 580 S.W.2d at 385.

Appellee relies on *Director, State Employees Workers' Compensation Div. v. Camarata,* 768 S.W.2d 427 (Tex.App.—El Paso 1989,

---

**2.** *Repealed and reenacted as* TEX.REV.CIV.STAT ANN art. 8308–3.01 *by* Acts 1989, 71st Leg., 2d C.S., ch. 1, §§ 3.01 and 16.01(7), effective January 1, 1991, *repealed by* Acts 1993, 73rd Leg., ch. 269, § 5(2) (current version at TEX.LAB.CODE ANN. § 406.031 (Vernon 1994)). The former article 8306 § 3b remains in effect as to injuries which occurred prior to the repeal and recodification. Acts 1989, 71st Leg., 2d C.S., ch. 1, § 17, 18(c).

**3.** *Repealed and reenacted as* TEX.REV.CIV.STAT.ANN art. 8308–1.03(27) *by* Acts 1989, 71st Leg., 2d

C.S., ch. 1, §§ 1.03 and 16.01(7), effective January 1, 1991, *repealed by* Acts 1993, 73rd Leg., ch. 269, § 5(2) (current version at TEX.LAB.CODE ANN § 401.011(26) (Vernon 1994)).

**4.** *Repealed and reenacted as* TEX.REV.CIV.STAT ANN. art. 8308–1.03(36) *by* Acts 1989, 71st Leg., 2d C.S., ch. 1, §§ 1.03 and 16.01(7), effective January 1, 1991, *repealed by* Acts 1993, 73rd Leg., ch. 269, § 5(2) (current version at TEX.LAB.CODE ANN § 401.011(34) (Vernon 1994)).

no writ). In *Camarata,* an employee suffered a mental trauma as the result of his supervisor showing him an unfavorable evaluation memorandum. The reviewing court found the evidence sufficient to trace the employee's psychological problems to a particular event: the memo. Because there was proof of a definite time, place, and cause, the court held that the employee had suffered a compensable accidental injury. *Camarata,* 768 S.W.2d at 429. Likewise, the Texas Supreme Court upheld a workers' compensation award in *Bailey v. American Gen. Ins. Co.,* 154 Tex. 430, 279 S.W.2d 315 (1955). In *Bailey,* the employee suffered a severe neurosis when the scaffold on which he and a co-worker were standing collapsed, and the employee witnessed the co-worker's fall to his death. In both *Bailey* and *Camarata,* the mental injury was the result of "an undesigned, untoward event traceable to a definite time, place and cause." *Brown,* 635 S.W.2d at 416.

█ In contrast, although Appellant has claimed a traumatic injury, the summary judgment proof offered by Appellee establishes that Appellant has failed to show an event traceable to a *definite* time, place, and cause. Appellant claims in her pleadings that she received an injury, but she does not allege in the pleadings that the injury is mental. Further, she has failed to allege a definite time, place, or cause. In her answers to interrogatories, Appellant describes the manner in which she was injured as follows:

> I was working for Marathon Oil and was submitted to a drug test because of a Valium pill, that I had no knowledge of, that was found in my purse on December 16, 1986. I was again tested on September 10, 1987 for drugs and alcohol and discovered that I will be subjected to random testing during the course of my employment and that I had a notation of drug use in my file. *This repetitive testing has caused stress* which has injured my neck and body in general [emphasis added].

In addition, Appellee also attached as summary judgment proof the physician's report relied upon by Appellant, in which her treating physician stated:

> The patient became *increasingly upset* by [the September 10th drug screen] and developed *increasing symptoms of anxiety and depression.* Some of the symptoms had been there prior to September 10, 1987, but all had consistently worsened since that time and particularly her headaches have worsened.... It would be my opinion that the situation at work has placed her under *increasing stress* and certainly seems to be aggravating the condition [emphasis added].

Thus, although Appellant claims a traumatic mental injury, her own answers to interrogatories and expert opinion show that her mental condition is the result of "the gradual buildup of emotional stress over a period of time." *Maksyn,* 580 S.W.2d at 338 (quoting *Ayer,* 531 P.2d 208). Thus, there are no pleadings or proof of "a definite time, place, or cause" of her injury. As such, Appellant does not have a compensable injury under the Texas Workers' Compensation Act. *See University of Texas Sys. v. Schieffer,* 588 S.W.2d 602, 607 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.) (opinion on reh'g) (holding a disabling mental condition brought about by the gradual buildup of stress did not constitute an unexpected personal injury covered by workers' compensation).

By showing that Appellant has not suffered a *compensable* injury, Appellee has negated Appellant's cause of action for workers' compensation benefits. Therefore, as the movant for summary judgment, Appellee has met its burden to show that Appellant is unable to recover as a matter of law. *See Delgado,* 656 S.W.2d at 429. We hold that the trial court did not err in granting summary judgment in favor of Appellee.

The judgment is affirmed.