**Reversed and Remanded and Opinion filed September 25, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00383-CV

---

**GREGORY R. MATTOX AND BARBARA WILKERSON, Appellants**

**V.**

**COUNTY COMMISSIONERS' COURT, GRIMES COUNTY, BETTY SHIFLETT, GRIMES COUNTY JUDGE, JOHN BERTLING, COUNTY COMMISSIONER PCT 1, AND PAM FINKE, COUNTY COMMISSIONER PCT 4, Appellees**

---

**On Appeal from the 506th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 30,919**

---

## O P I N I O N

After a county commissioners court denied an application filed by two landowners under section 232.008 of the Texas Local Government Code, the landowners sought a writ of mandamus from a district court commanding the county commissioners court to grant that application. The landowners filed a summary-judgment motion asserting that they were entitled to the mandamus relief as a matter of law. The county commissioners court and other defendants filed a summary-judgment motion seeking, among other

things, a remand to the county commissioners court. The trial court denied the landowners' summary-judgment motion and granted summary judgment ordering that the case be remanded to the county commissioners court. The landowners appeal the trial court's partial grant of the defendants' motion and denial of the landowners' motion. We conclude that the trial court did not err in denying the landowners' motion but that the trial court erred in ordering a remand to the county commissioners court. Accordingly, we reverse in part and remand to the trial court for further proceedings in accordance with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2005, appellants/plaintiffs Gregory R. Mattox and Barbara Wilkerson (collectively the "Mattox Parties") purchased lots 35 and 36 in the Hill Forest Manor Subdivision (hereinafter, the "Subdivision"). These lots are in the southwest corner of the Subdivision, and lot 36 borders undivided acreage to the west that is currently owned by Clifford and Eleanor Jackson (collectively, the "Jacksons"). A dedicated road, known as Hill Forest Lane, runs along the southern border of the Subdivision. According to the plat for the Subdivision, the western end of Hill Forest Lane stops at the Jacksons' property and forms the southern border of lots 35 and 36. There is no road on the Jacksons' property leading up to this corner of their land that the plat reflects borders on Hill Forest Lane.

The Mattox Parties assert that when they purchased their land, most of what the plat shows as the part of Hill Forest Lane south of their property was not being maintained as a road. The Mattox Parties claim that they believed that this area was part of the land that they had purchased and was not part of Hill Forest Lane. After the Mattox Parties cleaned out the weeds, brush, and debris in this area, they learned that some residents in the Subdivision contended that this land was part of Hill Forest Lane, which is a county road.

According to the Mattox Parties' pleading in the district court below, the Mattox Parties first filed an application with appellee/defendant Grimes County Commissioners'

Court ("Commissioners Court") asking the court to abandon or vacate that part of Hill Forest Lane, but the court denied the application in July 2006. *See* Tex. Transp. Code Ann. § 251.051 (West 2012) (providing that the commissioners court of a county has the authority to close, abandon, or vacate a public road).

In April 2007, the Mattox Parties filed an "APPLICATION TO CANCEL DEDICATION" with the Commissioners Court. In this application, the Mattox Parties asked the court to "cancel the dedication of that portion of HILL FOREST LANE shown on the plat of HILL FOREST MANOR SUBDIVISION . . . beginning at the west side of our property and extending 134 feet toward the east and ending at the place where GRIMES COUNTY currently begins maintaining HILL FOREST LANE, which is the west terminating end of HILL FOREST LANE." The Mattox Parties based this second application on section 232.008 of the Texas Local Government Code.[1] *See* Tex. Loc. Gov't Code Ann. § 232.008 (West 2005). On June 11, 2007, the Commissioners Court considered the Mattox Parties' second application. After hearing argument from counsel for the Mattox Parties and counsel for the Jacksons and other proceedings, the Commissioners Court denied the application by a 3-2 vote.

The Mattox Parties then filed a petition for writ of mandamus in district court against the Commissioners Court, Grimes County Judge Betty Shiflett, John Bertling, Grimes County Commissioner for Precinct 1, and Pam Finke, Grimes County Commissioner for Precinct 4 (collectively, the "Court Parties"). The Mattox Parties asserted that the Commissioners Court abused its discretion by denying rather than granting the Mattox Parties' section 232.008 application. On this basis, the Mattox Parties sought a writ of mandamus compelling the Commissioners Court to grant the Mattox Parties' section 232.008 application ("Application").

The Mattox Parties filed a motion for summary judgment asserting they were entitled to the relief they sought as a matter of law. The Court Parties filed a motion for

---

[1] Unless otherwise stated, all statutory references in this opinion are to the Texas Local Government Code.

3

summary judgment asserting that, as a matter of law, the Commissioners Court had discretion to deny the application under subsection (h) of section 232.008 ("Subsection (h)"). The district court denied the former motion and granted the latter motion. The Mattox Parties appealed both rulings to this court.

On appeal, this court noted that, under the law existing at that time, Subsection (h) applied only to land subdivided or plats filed on or after September 1, 1999. *See Mattox v. Grimes County Commissioners Court*, 305 S.W.3d 375, 383 n.7 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). *See also* Act of May 5, 1999, 76th Leg., R.S., ch. 129, § 10, 1999 Tex. Gen. Laws 574, 578. (providing that Subsection (h) applied only to land subdividied or plats filed on or after September 1, 1999). In this first appeal, no party argued that section 232.008 did not provide for the relief sought in the Application, and no party argued that Subsection (h) did not apply because the land for the Subdivision was subdivided and the plat was filed before September 1, 1999. This court did not address these issues. *See id*. at 383–85 & n.7. In the first appeal, this court held that, under the summary-judgment ground asserted in the Court Parties' motion, these parties had the burden of proving as a matter of law that the factual predicate stated in Subsection (h) applied so that, as a matter of law, granting the Application was discretionary. *See id*. at 381–82. *See also* Act of May 5, 1999, 76th Leg., R.S., ch. 129, § 7, 1999 Tex. Gen. Laws 574, 577 (providing that "[t]he commissioners court may deny a cancellation under this section if the commissioners court determines the cancellation will prevent the proposed interconnection of infrastructure to pending or existing development") (formerly codified at TEX. LOC. GOV'T CODE ANN. § 232.008(h)). Concluding that the summary-judgment evidence did not prove this factual predicate as a matter of law, this court held that the trial court erred in granting the Court Parties' summary-judgment motion. *See id*. at 383–85. Accordingly, this court reversed the trial court's judgment and remanded for further proceedings consistent with the court's opinion. *See id*. at 387.

On remand, the Mattox Parties and the Court Parties both filed second motions for

summary judgment. In their summary-judgment motion, the Mattox Parties asserted the following: (1) under the law-of-the-case doctrine the only issue remaining for the trial court on remand was whether Subsection (h) applies to the case under review; (2) Subsection (h) does not apply to the case under review because the Subdivision was not created nor was the plat for the Subdivision filed after September 1, 1999, and therefore the Mattox Parties are entitled to mandamus relief as a matter of law; and (3) in the alternative, even if Subsection (h) applied, the Mattox Parties' summary-judgment evidence conclusively proves that the factual predicate in Subsection (h) cannot be satisfied based upon a Grimes County Road Map known as the "258 Map."

In their summary-judgment motion, the Court Parties asserted the following grounds: (1) Subsection (h) applied to the Commissioners Court's consideration of the Application; (2) if the trial court were to conclude that Subsection (h) did not apply to the Commissioners Court's consideration of the Application, the trial court should remand the case under review to the Commissioners Court to consider the Application without the use of Subsection (h) because, according to the Court Parties, Subsection (h) was the sole basis for the denial of the Application; and (3) denial of the Application was warranted and the Mattox Parties are not entitled to mandamus relief as a matter of law because in the Application the Mattox Parties sought relief not provided under section 232.008.

The trial court denied the Mattox Parties' motion. As to the Court Parties' motion, the trial court stated in its order that it would not address the applicability of Subsection (h). The trial court granted the Court Parties' motion "[t]o the extent that [the Court Parties] requested [the trial court] to remand the matter to the Grimes County Commissioners Court for further action, considering the entire applicable law." The trial court denied the remainder of the Court Parties' summary-judgment motion and ordered "that this matter is remanded to the Grimes County Commissioners Court for further action." The Mattox Parties appealed the trial court's final summary judgment; the Court Parties did not appeal the denial in part of their summary-judgment motion.

5

After the Mattox Parties filed this appeal and effective June 17, 2011, the Texas Legislature amended Subsection (h) so that it now applies to an application under section 232.008 "[r]egardless of the date land is subdivided or a plat is filed for a subdivision." *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 829, § 1, 2011 Tex. Sess. Law Serv. 2100, 2100 (codified at Tex. Loc. Gov't Code Ann. § 232.008(h) (West 2012)). This amended version of Subsection (h) applies "to an application for cancellation of all or part of a subdivision filed on or after [June 17, 2011] or before [June 17, 2011] if the approval of the application filed before [June 17, 2011] is not final.'' Act of May 25, 2011, 82nd Leg., R.S., ch. 829, § 2, 2011 Tex. Sess. Law Serv. 2100, 2100.

## II.  ISSUES PRESENTED

In two appellate issues, the Mattox Parties assert that (1) the trial court erred when it partially granted the Court Parties' summary-judgment motion, and (2) the trial court erred when it denied the Mattox Parties' summary-judgment motion.

## III.  STANDARD OF REVIEW

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). We can affirm the trial court's summary judgment based only upon a ground expressly stated in the summary-judgment motion. *See Stiles v. Resolution Trust. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).

6

# IV. ANALYSIS

**A.** **Should this court consider the trial court's letter discussing its summary-judgment rulings and the reasons for these rulings?**

In their appellate briefing the parties cite to a letter that the trial court sent to the parties discussing the trial court's summary-judgment rulings and the reasons for these rulings. Before reviewing the trial court's summary-judgment rulings, we address, as a threshold matter, whether this court should consider the letter in conducting this review. The trial court's rulings are contained in the summary-judgment orders signed by the trial court. Findings of fact and conclusions of law have no place in a summary-judgment proceeding. *See Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam). A letter is not the proper method for a trial court to apprise the parties of the grounds or reasons for the trial court's summary-judgment rulings. *See RRR Farms, Ltd. v. American Horse Protection Ass'n*, 957 S.W.2d 121, 126 (Tex. App.—Houston [14th Dist.] 1997, pet. denied); *Shannon v. Texas General Indem. Co.*, 889 S.W.2d 662, 664 (Tex. App.—Houston [14th Dist.] 1994, no writ). Our precedent instructs that appellate courts should not consider such letters in reviewing the trial court's summary judgment. *See RRR Farms, Ltd.*, 957 S.W.2d at 126; *Shannon*, 889 S.W.2d at 664. For the foregoing reasons, in reviewing the trial court's summary judgment we do not consider the trial court's letter to the parties.

**B.** **Did the trial court err in remanding the case under review to the Commissioners Court for further proceedings?**

Under their first issue, the Mattox Parties argue that the trial court erred in remanding the case under review to the Commissioners Court for further proceedings. In the only ground or request for relief involving a remand to the Commissioners Court, the Court Parties argued that, if the trial court were to conclude that Subsection (h) did not apply to the Commissioners Court's consideration of the Application, then the trial court should remand the case under review to the Commissioners Court to consider the Application without the use of Subsection (h) because, according to the Court Parties, Subsection (h) was the sole basis for the denial of the Application. But, in its summary-

judgment order, the trial court expressly declined to rule on the applicability of Subsection (h). After declining to address whether Subsection (h) applied, the trial court granted the Court Parties' summary-judgment motion "[t]o the extent that [the Court Parties] requested this Court to remand the matter to the [Commissioners Court] for further action, considering the entire applicable law." In their motion, the Court Parties never requested the trial court to remand the matter to the Commissioners Court for further action, considering the entire applicable law. Instead, the Court Parties requested a remand only if the trial court concluded that Subsection (h) did not apply, and this conditional request was for a remand to consider the Application under the parts of section 232.008 other than Subsection (h), rather than under the entire applicable law. We conclude that the trial court erred by granting relief that no party requested in any summary-judgment motion and that the relief granted by the trial court was not supported by any summary-judgment ground. *See Stiles v. Resolution Trust. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) (stating that appellate court can affirm trial court's summary judgment based only upon a ground expressly stated in the summary-judgment motion); *LaGoye v. Victoria Wood Condominium Ass'n*, 112 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding trial court cannot grant relief on summary judgment that was not requested by a movant for summary judgment).

In addition, we conclude that a remand to the Commissioners Court is not available in an original mandamus proceeding filed in the district court against county commissioners and the commissioners court of a county. No statute provides for an appeal from the order of the Commissioners Court denying the Application. But, the district court has original mandamus jurisdiction over the Court Parties. *See* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.020 (West 2012); *Vondy v. Commissioners Court of Uvalde County, Texas*, 620 S.W.2d 104, 109 (Tex. 1981). The Mattox Parties invoked the mandamus jurisdiction of the district court, seeking a writ of mandamus in which the district court would compel the Commissioners Court to grant the Mattox Parties' Application. If, under applicable law, the Mattox Parties plead and prove their

entitlement to this remedy, they are entitled to mandamus relief. If not, they are not entitled to mandamus relief. The Mattox Parties did not appeal the Commissioners Court order denying the Application to the district court. The parties have not cited, and research has not revealed, any case providing that a district court, in exercising its mandamus jurisdiction over a commissioners court, may remand the matter to the commissioners court for further proceedings that effectively constitute a reconsideration of an application that the commissioners court already has denied. The district court may not substitute its discretion for that of the commissioners court. *See Vondy*, 620 S.W.2d at 109. In the case under review, the Commissioners Court has no mandatory duty to reconsider the Application that it denied in June 2007. By remanding the matter to the Commissioners Court, the district court enforced no mandatory duty, and it intruded upon the discretion of the Commissioners Court. *See Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992) ("Once the commissioners court exercises its discretion, the district court may review the order for abuse of discretion, but it cannot substitute its discretion for that of the commissioners court.").

For these reasons, we conclude the trial court erred in remanding the case under review to the Commissioners Court for further proceedings, and we sustain the first issue to the extent the Mattox Parties argue that the trial court erred in ordering a remand to the Commissioners Court.[2]

### C.    In the Application, did the Mattox Parties seek relief not afforded under section 232.008?

In their live pleading, the Mattox Parties assert that the Commissioners Court abused its discretion by denying rather than granting the Application and that the Mattox Parties are entitled to a writ of mandamus compelling the Commissioners Court to grant the Mattox Parties' Application. In their summary-judgment motion, the Mattox Parties asserted that they are entitled to this mandamus relief as a matter of law. The trial court denied this motion, and, in their second issue, the Mattox Parties argue that the trial court

---

[2] Concluding that the trial court erred in granting summary judgment for the reasons stated above, we need not and do not address the other arguments asserted by the Mattox Parties under their first issue.

should have granted this motion. To be entitled to summary judgment, the Mattox Parties had to conclusively prove in their traditional motion that the facts of the case and controlling law gave the Commissioners Court no discretion to deny the Application and permitted the Commissioners Court to make only one decision, to grant the Application. *See Wortham v. Walker*, 128 S.W.2d 1138, 1151 (Tex. 1939) (holding that to prove entitlement to mandamus relief against public official, relator had burden to prove clear legal right to mandamus relief commanding the official to perform the act in question); *In re Univ. Interscholastic League*, 20 S.W.3d 690, 692 (Tex. 2000) (per curiam) (stating that relator in mandamus proceeding must establish that the facts and law permit the respondent to make but one decision); *In re Stanford Group Co.*, 273 S.W.3d 807, 813 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (holding that (1) because a respondent in a mandamus proceeding cannot abuse its discretion in reaching a correct result for the wrong reasons, courts will uphold the respondent's order on any ground supported by the record and (2) the relator must establish that the facts of the case and controlling law permitted the respondent to make but one decision). In determining whether the Mattox Parties satisfied this burden, we examine section 232.008, entitled "Cancellation of Subdivision," which contains the following language:

> (b) A person owning real property in this state that has been subdivided into lots and blocks or into small subdivisions may apply to the commissioners court of the county in which the property is located for permission to cancel all or part of the subdivision, including a dedicated easement or roadway, to reestablish the property as acreage tracts as it existed before the subdivision. If, on the application, it is shown that the cancellation of all or part of the subdivision does not interfere with the established rights of any purchaser who owns any part of the subdivision, or it is shown that the purchaser agrees to the cancellation, the commissioners court by order shall authorize the owner of the subdivision to file an instrument canceling the subdivision in whole or in part. The instrument must describe the subdivision or the part of it that is canceled. The court shall enter the order in its minutes. After the cancellation instrument is filed and recorded in the deed records of the county, the county tax assessor-collector shall assess the property as if it had never been subdivided.
>
> . . .

10

(d) If delinquent taxes are owed on the subdivided tract for any preceding year, and if the application to cancel the subdivision is granted as provided by this section, the owner of the tract may pay the delinquent taxes on an acreage basis as if the tract had not been subdivided. For the purpose of assessing the tract for a preceding year, the county tax assessor-collector shall back assess the tract on an acreage basis.

(e) On application for cancellation of a subdivision or any phase or identifiable part of a subdivision, including a dedicated easement or roadway, by the owners of 75 percent of the property included in the subdivision, phase, or identifiable part, the commissioners court by order shall authorize the cancellation in the manner and after notice and a hearing as provided by Subsections (b) and (c). However, if the owners of at least 10 percent of the property affected by the proposed cancellation file written objections to the cancellation with the court, the grant of an order of cancellation is at the discretion of the court.

. . .

(g) A person who appears before the commissioners court to protest the cancellation of all or part of a subdivision may maintain an action for damages against the person applying for the cancellation and may recover as damages an amount not to exceed the amount of the person's original purchase price for property in the canceled subdivision or part of the subdivision. The person must bring the action within one year after the date of the entry of the commissioners court's order granting the cancellation.

(h) The commissioners court may deny a cancellation under this section if the commissioners court determines the cancellation will prevent the proposed interconnection of infrastructure to pending or existing development.[3]

Tex. Loc. Gov't Code Ann. § 232.008 (West 2005).

This court reviews de novo the district court's interpretation of applicable statutes. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, our objective is to determine and give effect to the legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, this court must ascertain that intent from the language the legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of

---

[3] We quote the pre-2011 version of Subsection (h), but we presume, without deciding, that this version of Subsection (h) applied to the Subdivision and to the Application.

11

the statutory language is unambiguous, this court adopts the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the legislature chose. *See id.*

Based on the unambiguous language of section 232.008, a person owning real property that has been subdivided into lots and blocks or into small subdivisions may apply to the commissioners court of the county in which the property is located for permission to cancel all or part of the subdivision, and the applicant may include in this proposed cancellation, the cancellation of a dedicated easement or roadway. *See* Tex. Loc. Gov't Code Ann. § 232.008(b). In this statute, however, the legislature states that the purpose of any requested cancellation must be "to reestablish the property [that is the subject of the cancellation] as acreage tracts as it existed before the subdivision." *Id.* If the cancellation is granted, the commissioners court shall authorize "the owner of the subdivision to file an instrument canceling the subdivision in whole or in part" and describing "the subdivision or the part of it that is canceled." *Id.* After this instrument is filed and recorded, "the county tax assessor-collector shall assess the property as if it had never been subdivided." *Id.* Section 232.008 also states that, if cancellation is granted, then the county tax assessor-collector shall "back assess the tract" on an acreage basis. *Id.* § 232.008(d).

While an applicant could seek to reestablish as acreage tracts some of the lots in a subdivision as well as part of a dedicated easement or roadway, cancellation of only part of a dedicated easement or roadway would not reestablish any property as acreage tracts as it existed before the subdivision. *See id.* Under the unambiguous language of the statute, in section 232.008 the Texas Legislature does not authorize the commissioners court to cancel only a dedicated easement or roadway or a portion thereof. This statute speaks to the cancellation of a subdivision or part thereof but not to the cancellation of only an easement or roadway (or some portion of an easement or roadway).[4] *See id.* We

---

[4] Other statutes give commissioners courts the authority to close, abandon, vacate, or alter public roads.

hold that, in the Application, the Mattox Parties sought relief not afforded under section 232.008. Accordingly, the Mattox Parties did not conclusively prove in their traditional summary-judgment motion that the facts of the case and controlling law gave the Commissioners Court no discretion to deny the Application and only permitted the Commissioners Court to grant the Application.[5] *See Wortham*, 128 S.W.2d at 1151; *In re Univ. Interscholastic League*, 20 S.W.3d at 692; *In re Stanford Group Co.*, 273 S.W.3d at 813. Thus, the trial court did not err in denying the Mattox Parties' summary-judgment motion.[6]

**D.     Under the law of the case and the scope of remand, was the trial court limited to determining whether Subsection (h) applied and, if so, conducting a trial as to whether the factual predicate in Subsection (h) was satisfied?**

On appeal, the Mattox Parties argue that under the law of the case and the scope of remand following the first appeal in the case under review, the trial court was limited to determining whether Subsection (h) applied. If not, according to the Mattox Parties, they would be entitled to judgment as a matter of law. If so, then, according to the Mattox Parties, the trial court would have to determine whether the factual predicate in Subsection (h) was satisfied. The Mattox Parties assert that, under law of the case and the limited scope of remand, the trial court was not able to properly consider any other issues. If this argument were correct, then the trial court would not be able to consider

---

*See* Tex. Transp. Code Ann. § 251.051 (Vernon 2012). Indeed, the Mattox Parties unsuccessfully sought such relief from the Commissioners Court in July 2006. The Mattox Parties have not sought mandamus relief regarding the Commissioners Court's denial of this relief.

[5] We need not and do not address the Mattox Parties' arguments that (1) Subsection (h) does not apply to the case under review because the Subdivision was not created nor was the plat for the Subdivision filed after September 1, 1999; and (2) even if Subsection (h) applied, the Mattox Parties' summary-judgment evidence conclusively proves that the factual predicate in Subsection (h) cannot be satisfied based upon the 258 Map. Presuming that these arguments are correct, the Mattox Parties still did not prove their entitlement to judgment as a matter of law for the reasons stated in Section IV. C. of this opinion.

[6] The Court Parties assert that the 2011 amendment to Subsection (h) applies retroactively to the Commissioners Court's consideration of the Application. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 829, §§ 1, 2 2011 Tex. Sess. Law Serv. 2100, 2100. The Mattox Parties argue that such a retroactive application would violate Article I, section 16 of the Texas Constitution. *See* Tex. Const. art. I, § 16. Presuming, without deciding, that the 2011 amendment applies retroactively and does not violate the Texas Constitution, the amended version of Subsection (h) does not alter this court's analysis in Section IV. C. of this opinion.

13

the argument advanced on remand by the Court Parties, which we discussed in the previous section. Therefore, we address this argument.

In the first appeal, this court held that, under the summary-judgment ground asserted in the Court Parties' motion, these parties had the burden of proving as a matter of law that the factual predicate stated in Subsection (h) applied so that, as a matter of law, granting the Application was discretionary. *See Mattox*, 305 S.W.3d at 381–82. Concluding that the summary-judgment evidence did not prove this factual predicate as a matter of law, this court held that the trial court erred in granting the Court Parties' summary-judgment motion. *See id*. at 383–85. Accordingly, this court reversed the trial court's judgment and remanded for further proceedings consistent with the court's opinion. *See id*. at 387. In the first appeal, no party argued that section 232.008 does not provide for the relief sought in the Application, and no party argued that Subsection (h) did not apply because the land for the Subdivision was subdivided and the plat was filed before September 1, 1999. This court did not decide these issues in the first appeal. *See id*. at 383–85 & n.7. On remand, the Mattox Parties argued that Subsection (h) did not apply as a matter of law because the land for the Subdivision was subdivided and the plat was filed before September 1, 1999. The Court Parties argued to the contrary, and they also asserted that the Commissioners Court had discretion to deny the Application because section 232.008 does not provide for the relief sought in the Application. On remand in the second set of summary-judgment motions, the issues of law and fact were not substantially the same as those in the first set of summary-judgment motions. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Therefore, the law-of-the-case doctrine does not apply. *See id*. In the first appeal, no party raised and this court did not decide whether section 232.008 provides for the relief sought in the Application. Because the court did not decide this issue in the first appeal, the law-of-the-case doctrine did not prevent the Court Parties from raising this issue on remand, and this doctrine does not preclude this court from considering this issue on appeal in analyzing the Mattox Parties' second issue. *See id*.; *Stobaugh v. Norwegian Cruise Line Ltd.*, 105 S.W.3d 302,

14

307, n.2 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Bass v. Walker*, 99 S.W.3d 877, 884 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  *See also Four Brothers Boat Works, Inc v. Tesoro Petroleum Cos.*, 217 S.W.3d 653, 661–62 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (holding that law-of-the-case doctrine applies to holdings in prior appeal not to obiter dicta stated in prior appeal).

As to the scope of remand, in this court's mandate, judgment, and opinion in the first appeal, this court consistently stated that it reversed the trial court's summary judgment in favor of the Court Parties and remanded to the trial court for further proceedings consistent with the court's opinion.  If an appellate court reverses and remands and uses language clearly limiting the issues on remand, then the scope of remand is so limited.  *See Hudson*, 711 S.W.2d at 630.  But, in the mandate, judgment, and opinion in the first appeal, this court did not limit the scope of remand through special instructions.  Therefore, this court's reversal and remand for further proceedings was a general remand, and the parties were free to raise new issues and arguments on remand.  *See Simulis, L.L.C. v. General Electric Capital Corp.*, —S.W. —,—, No. 14-09-01055-CV, 2011 WL 505334, at *1–5 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011, pet. denied) (holding that remand was general such that new claims could be added on remand, even though in first appeal court stated that it was reversing the part of the judgment in which the trial court granted summary judgment on the quantum-meruit claim and remanding for further proceedings consistent with the court's opinion).

We conclude that neither the law-of-the-case doctrine nor the scope of remand following the first appeal preclude the consideration of new issues and arguments.  Thus, the Court Parties were permitted to argue on remand that the Commissioners Court had discretion to deny the Application because section 232.008 does not provide for the relief sought in the Application.[7]  Likewise, we may properly consider this issue in analyzing

---

[7] The Mattox Parties also contend that the Court Parties waived their right to assert this argument.  The Mattox Parties cite no cases in support of this contention.  They cite no evidence showing an intentional relinquishment by the Court Parties of a known right in this regard.  We conclude this waiver argument lacks merit.

15

this appeal.  *See Hudson*, 711 S.W.2d at 630; *Simulis, L.L.C.*, 2011 WL 505334, at *1–5; *Stobaugh*, 105 S.W.3d at 307, n.2; *Bass*, 99 S.W.3d at 884.

For the reasons stated above, we overrule the Mattox Parties' second issue.

## V. CONCLUSION

The trial court erred in granting the Court Parties' summary-judgment motion in part and in ordering a remand to the Commissioners Court.  In the Application, the Mattox Parties sought relief not afforded under section 232.008.  Accordingly, the Mattox Parties did not conclusively prove their entitlement to mandamus relief in their traditional summary-judgment motion.  Thus, the trial court did not err in denying that motion.  Neither the law-of-the-case doctrine nor the scope of remand following the first appeal precluded the Court Parties from arguing on remand that the Commissioners Court had discretion to deny the Application because section 232.008 does not provide for the relief sought in the Application.  Likewise, this court may properly consider this issue in analyzing this appeal.  Accordingly, we reverse the trial court's judgment to the extent the trial court ordered a remand to the Commissioners Court, and we remand for further proceedings consistent with this opinion.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Seymore, and Jamison.

16