

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00049-CV

_____

KEITH MORVANT, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE
AND ADMINISTRATOR OF THE ESTATE OF JOHNA MORVANT, DECEASED;
AND LYNNE FREDERICK, Appellants

V.

DALLAS AIRMOTIVE, INC. (D/B/A DALLAS AIRMOTIVE; D/B/A F/K/A
PREMIER TURBINES; D/B/A F/K/A INTERNATIONAL TURBINE SERVICE,
INC.); INTERNATIONAL GOVERNOR SERVICES LLC, Appellees

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-291241-17

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

In a single issue, Appellants Keith Morvant, Individually and as Personal Representative and Administrator of the Estate of Johna Morvant, Deceased, and Lynne Frederick (the Morvant Family) argue that the trial court abused its discretion by striking their petition in intervention. After filing their opening brief, the Morvant Family filed a "Notice Regarding Lack of Appellate Jurisdiction" in which they argue that we lack jurisdiction over this appeal because there was purportedly no final judgment entered by the trial court. We hold that we have jurisdiction over the Morvant Family's appeal, and we will affirm.

## I. BACKGROUND

This case arises out of a helicopter crash in the Smoky Mountains of Tennessee. On April 4, 2016, Johna Morvant and her adult children, Peyton and Parker Rasmussen, took a helicopter sightseeing tour of the mountains. After the helicopter departed from the heliport, its engine lost power, and the helicopter crashed and caught on fire. Johna, Peyton, and Parker died at the scene of the crash.

Scott Rasmussen, the father of Peyton and Parker, filed suit against Dallas Airmotive, Inc., International Governor Services, LLC (IGS), and International Turbine Service, Inc. (ITS)—entities allegedly responsible for the maintenance of the helicopter's engine—bringing wrongful-death claims on his own behalf and survival

claims on behalf of the children's estates.[1] Johna's husband, Keith Morvant, and Johna's mother, Lynne Frederick, intervened in the Rasmussen lawsuit, bringing wrongful-death claims on their own behalf and survival claims on behalf of Johna's estate against Dallas Airmotive and IGS.

Dallas Airmotive filed a motion to strike the Morvant Family's petition in intervention, arguing that: (1) the Morvant Family did not have a justiciable interest in the Rasmussen lawsuit; (2) intervention would excessively multiply the issues in the Rasmussen lawsuit; and (3) intervention was not essential to protect the Morvant Family's interests. The Morvant Family responded to Dallas Airmotive's motion to strike, and the trial court conducted a hearing on the motion.

The trial court later signed an order granting the motion to strike the Morvant Family's petition in intervention. That order did not specify the grounds relied upon by the trial court in granting the motion but simply stated "IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that Defendants' Motion to Strike Intervenors' Petition in Intervention be, and the same is hereby, granted." The same day the trial court signed the order, it also sent a letter to the parties' counsel enclosing a copy of the order. In that letter, the trial court provided a lengthy analysis as to whether the Morvant Family had a justiciable interest in the Rasmussen lawsuit.

---

[1]The pilot and a man named Michael Glenn Mastalez also died in the crash. Mastalez's personal representative brought claims in the Rasmussen lawsuit, although those claims are not at issue in this appeal.

The letter did not discuss whether intervention would excessively multiply the issues in the Rasmussen lawsuit, nor did it discuss whether intervention was essential to protecting the Morvant Family's interests. The letter concluded with the trial court stating that "Intervenors have no justiciable interest in the Rasmussen claims. Such being the case, this Court has no choice but to grant the Defendants' Motion to Strike the Petition in Intervention. The Order granting the motion is enclosed with this letter."

Rasmussen later settled with Dallas Airmotive, IGS, and ITS, and the settling parties moved for dismissal.[2] The trial court then entered an order of dismissal, noting that it had been advised that "all claims asserted or assertable herein have been settled" and ordering that "all claims, demands, debts, or causes of action asserted or assertable herein by Plaintiffs against Defendants are DISMISSED WITH PREJUDICE." The order then stated that "THIS IS A FINAL JUDGMENT AS TO ALL CLAIMS AND ALL PARTIES." This appeal followed.

## II. DO WE HAVE JURISDICTION OVER THIS APPEAL?

In their opening brief, the Morvant Family stated that the trial court's order of dismissal "disposed of all claims of all parties, creating a final judgment." After filing that brief, the Morvant Family filed a "Notice Regarding Lack of Appellate Jurisdiction" claiming that we lack jurisdiction over this appeal because there was

---

[2]Mastalez's personal representative likewise settled and joined in the motion to dismiss.

4

purportedly no final judgment entered by the trial court.[3]  The Morvant Family contend that because the motion to strike their petition in intervention was filed by Dallas Airmotive only, their claims against IGS are still pending in the trial court.

## A. THE LAW

As a general rule, with a few mostly statutory exceptions, an appeal may be taken only from a final judgment. *Vaughn v. Drennon*, 324 S.W.3d 560, 562 (Tex. 2010); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  Absent a conventional trial on the merits, a judgment is final and appealable if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann*, 39 S.W.3d at 192–93; *Mitchell v. Johnson*, No. 2-08-00071-CV, 2008 WL 2780785, at *1 (Tex. App.—Fort Worth, July 17, 2008, no pet.) (mem. op.) (per curiam).  The law does not require that a final judgment be in any particular form. *Lehmann*, 39 S.W.3d at 195.  A judgment that actually disposes of every remaining issue in the case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims; the language cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case. *Id.* at 200.  Conversely, the language of an order or judgment can make it final, even though

---

[3]By order dated September 10, 2019, we told the parties that we would consider the Morvant Family's jurisdictional notice to be part of and incorporated into their opening brief.

5

it should have been interlocutory, if that language expressly disposes of all claims and all parties. *Id.* If the intent to finally dispose of the case is clear, "then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id.* Granting more relief than permitted makes the order reversible but not interlocutory. *Id.* at 204. In determining whether an order is a final judgment, we should first examine the language of the order itself. *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (citing *Lehmann*, 39 S.W.3d at 195, 205–06); *In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 106 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). If the order does not clearly and unequivocally indicate that it is a final judgment as to all claims and all parties, we may then look at the record to determine finality. *Elizondo*, 544 S.W.3d at 827–28; *M & O Homebuilders, Inc.*, 516 S.W.3d at 106.

## B.  APPLICATION OF THE LAW TO THE FACTS

Here, the order of dismissal states that "THIS IS A FINAL JUDGMENT AS TO ALL CLAIMS AND ALL PARTIES." The Morvant Family argue that this language does not indicate finality because it does not expressly state that the trial court "disposed" of all claims of all parties. We are not persuaded by the Morvant Family's argument. The law does not require that a final judgment be in any particular form, and no magic words are required to make a judgment final. *Lehmann*, 39 S.W.3d at 195; *Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 279 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("Since *Lehmann v. Har-Con Corp.*, it has been settled

6

that no magic words are required to make a judgment final."). The order here expressly states that it is "A FINAL JUDGMENT AS TO ALL CLAIMS AND ALL PARTIES," it reflects that "all claims asserted or assertable herein have been settled," and it orders that "all claims, demands, debts, or causes of action asserted or assertable herein by Plaintiffs against Defendants [i.e., the only parties listed in the style of the order] are DISMISSED WITH PREJUDICE." Given the foregoing language, we hold that the trial court's order of dismissal is a final judgment because it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *See Lehmann*, 39 S.W.3d at 192–93 ("[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties."). Accordingly, we hold that we have jurisdiction over this appeal. *See Vaughn*, 324 S.W.3d at 562; *Lehmann*, 39 S.W.3d at 195.

While our analysis could stop there, we also note that the record supports our jurisdiction over this appeal because the order of dismissal actually disposed of all claims and parties then before the trial court. *See Lehmann*, 39 S.W.3d at 192. To that end, in the prayer of its motion to strike the Morvant Family's petition in intervention, Dallas Airmotive requested that the trial court "strike the Petition in Intervention"— i.e., that the trial court strike the Morvant Family's *entire* petition in intervention. By granting that motion, the trial court struck the Morvant Family's entire petition in

7

intervention, which necessarily included both the claims brought by the Morvant Family against Dallas Airmotive and the claims brought by the Morvant Family against IGS. *See* Tex. R. Civ. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."). Thus, when the trial court entered its order of dismissal seven months later, there were no pending claims in the lawsuit—i.e., the original plaintiffs' claims had been settled and dismissed, and the Morvant Family's claims had been struck.[4] Accordingly, regardless of the language in the order of dismissal, that order is a final judgment because it "actually dispose[d] of all claims and parties then before the [trial] court." *Lehmann*, 39 S.W.3d at 192.

We overrule the Morvant Family's jurisdictional complaint.

## III. DID THE TRIAL COURT ABUSE ITS DISCRETION BY STRIKING THE MORVANT FAMILY'S PETITION IN INTERVENTION?

Having determined that we have jurisdiction over this appeal, we now turn to the merits. In their sole issue, the Morvant Family argue that the trial court abused its discretion by striking their petition in intervention because they had a justiciable interest in the Rasmussen lawsuit. Dallas Airmotive and IGS respond that the Morvant Family did not challenge on appeal every ground raised in Dallas Airmotive's motion to strike the petition in intervention—the Morvant Family did not challenge

---

[4]Notably, the Morvant Family did not participate in the lawsuit during the seven-month period between the trial court's order striking their petition in intervention and the filing of the agreed motion to dismiss.

on appeal the ground that the proposed intervention would have excessively multiplied the issues in the litigation, nor did they challenge the ground that intervention was unnecessary to protect their interests—and they ask that we affirm the trial court's order on those unchallenged grounds. The Morvant Family counter by arguing that we should consider the trial court's letter that was sent to the parties to determine the basis for the trial court's ruling.

## A. THE LAW

We review a trial court's ruling on a motion to strike a petition in intervention for an abuse of discretion. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 722 (Tex. 2006) (orig. proceeding); *Antonov v. Walters*, 168 S.W.3d 901, 907 (Tex. App.—Fort Worth 2005, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Gunn v. McCoy*, 554 S.W.3d 645, 666 (Tex. 2018); *Severs v. Mira Vista Homeowners Ass'n*, 559 S.W.3d 684, 712 (Tex. App.—Fort Worth 2018, pet. denied). Although a trial court has broad discretion in determining whether an intervention should be stricken, a trial court abuses its discretion by striking the petition if: (1) the intervenor has a justiciable interest in the case—i.e., the intervenor could have brought the same action, or any part thereof, in its own name; (2) the intervention will not complicate the case by an excessive multiplication of the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793

9

S.W.2d 652, 657 (Tex. 1990) (op. on reh'g); *Pettus v. Pettus*, 237 S.W.3d 405, 420 (Tex. App.—Fort Worth 2007, pet. denied).

When a trial court issues an adverse ruling without specifying its grounds for doing so, the appellant must challenge each independent ground asserted by the appellee supporting the adverse ruling because it is presumed that the trial court considered all of the asserted grounds. *Buttler v. Sutcliffe*, No. 02-15-00319-CV, 2016 WL 4491224, at *7 (Tex. App.—Fort Worth Aug. 26, 2016, no pet.) (mem. op.); *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 846–47 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied); *see In re S.J.R.-Z*, 537 S.W.3d 677, 682 (Tex. App.—San Antonio 2017, pet. denied) ("An appellant must challenge all independent bases or grounds that fully support a judgment or appealable order."). If the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling. *Buttler*, 2016 WL 4491224, at *7; *U.S. Lawns, Inc.*, 347 S.W.3d at 847; *Oliphant Fin. L.L.C. v. Hill*, 310 S.W.3d 76, 78 (Tex. App.—El Paso 2010, pet. denied); *see also Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (collecting cases in various contexts in which "[t]he rule that an appellant must attack all independent grounds supporting a judgment has been applied").

A letter is not the proper method for apprising parties of the grounds for granting an order or judgment. *Shannon v. Tex. Gen. Indem. Co.*, 889 S.W.2d 662, 664 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Martin v. Sw. Elec. Power Co.*, 860

S.W.2d 197, 199 (Tex. App.—Texarkana 1993, writ denied). When a trial court sends a letter to the parties accompanying its order, the written order itself, and not the letter, is controlling on appeal. *See Trahan v. Fire Ins. Exchange*, 179 S.W.3d 669, 672 n.2 (Tex. App.—Beaumont 2005, no pet.) ("The trial court sent the parties a letter explaining its grounds for granting the motions for summary judgment. . . . We do not consider the letter as conclusive on the bases for the trial court's ruling because a letter cannot be considered on appeal as giving the comprehensive reasons that a trial court granted summary judgment."); *Hailey v. KTBS, Inc.*, 935 S.W.2d 857, 859 (Tex. App.—Texarkana 1996, no writ) ("The trial judge sent a letter to the parties accompanying his summary judgment order, outlining some of the grounds on which he based his ruling. Only the written order, itself, and not the letter, is controlling on appeal."); *see also RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 126 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) ("A letter cannot be considered on appeal as giving the reasons for the judgment."); *but see Stratton v. XTO Energy, Inc.*, No. 02-10-00483-CV, 2012 WL 407385 (Tex. App.—Fort Worth Feb. 9, 2012, no pet.) (mem. op.).

## B. APPLICATION OF THE LAW TO THE FACTS

Here, Dallas Airmotive moved to strike the Morvant Family's petition in intervention for three independent reasons: (1) the Morvant Family did not have a justiciable interest in the Rasmussen lawsuit; (2) intervention would excessively multiply the issues in the Rasmussen lawsuit; and (3) intervention was not essential to

11

protect the Morvant Family's interests. The trial court granted Dallas Airmotive's motion to strike, but it did not specify the grounds for its ruling in the order granting the motion. As such, the Morvant Family was required to challenge each of those grounds on appeal. *See Buttler*, 2016 WL 4491224, at \*7; *U.S. Lawns, Inc.*, 347 S.W.3d at 846–47; *In re S.J.R.-Z*, 537 S.W.3d at 682. The Morvant Family, however, have challenged only one ground on appeal—whether they have a justiciable interest in the Rasmussen lawsuit. While the Morvant Family want us to look to the trial court's letter to support their position that the trial court's decision was based on the grounds of justiciable interest, we cannot consider that letter on appeal as giving the reasons for the trial court's ruling. *See Trahan*, 179 S.W.3d at 672 n.2; *Hailey*, 935 S.W.2d at 859; *Shannon*, 889 S.W.2d at 664; *Martin*, 860 S.W.2d at 199. Accordingly, because the Morvant Family did not challenge two independent grounds that support the trial court's ruling, we cannot say the trial court abused its discretion by striking the Morvant Family's petition in intervention.

We overrule the Morvant Family's sole issue.

## IV. CONCLUSION

Having determined that we have jurisdiction over this appeal, and having overruled the Morvant Family's sole issue, we affirm the trial court's order striking the Morvant Family's petition in intervention.

12

                                             /s/ Lee Gabriel
                                             Lee Gabriel
                                             Justice

Delivered:  January 16, 2020