Opinion filed December 31, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00355-CV

_____

## JIMMY WILSHER, JIMMY D. ASBILL, JERRY "GERARDO" GARCIA, CRAIG MAYHALL, JOHN M. WEGNER, BARBARA CAROLYN WIGGINS, FIDENCIO GARCIA JR., RONAL PILAND, AND TERRY VINES, Appellants

## V.

## CITY OF ABILENE, Appellee

### On Appeal from the 350th District Court

### Taylor County, Texas

### Trial Court Cause No. 09010D

## MEMORANDUM OPINION

Appellants, Jimmy Wilsher, Jimmy D. Asbill, Jerry "Gerardo" Garcia, Craig Mayhall, John M. Wegner, Barbara Carolyn Wiggins, Fidencio Garcia Jr., Ronal Piland, and Terry Vines, brought this age discrimination suit against their former

employer, Appellee, the City of Abilene.[1]  The trial court granted the City's plea to the jurisdiction as to the claims of Appellants Wiggins, Garcia Jr., Piland, and Vines.  The trial court granted summary judgment in favor of the City on the other Appellants' claims.  We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Appellants Wilsher, Asbill, Garcia, Mayhall, and Wegner each filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division (Commission).  They stated in their charges that "THIS IS A CLASS ACTION FILED ON BEHALF OF PLAINTIFF AND ALL SIMILARLY SITUATED EMPLOYEES."  They alleged in the charges that the City had discriminated against them and other similarly situated employees on the basis of their age.  Appellants Wiggins, Garcia Jr., Piland, and Vines did not file charges with the Commission.

Appellants brought this suit against the City.  They did not bring the suit as a class action.  Appellants alleged, among other things, that the City forced them to retire on the basis of their age under what the City identified as a voluntary retirement incentive program.  The City asserted in a plea to the jurisdiction that Appellants Wiggins, Garcia Jr., Piland, and Vines failed to exhaust their administrative remedies because they did not file a complaint with the Commission as required by the Texas Labor Code.  *See* TEX. LABOR CODE ANN. §§ 21.201, 21.202 (West 2006).  Based on its assertion, the City contended that the trial court lacked jurisdiction over the claims of Appellants Wiggins, Garcia Jr., Piland, and Vines.  Following a hearing, the trial court entered an order in which it granted the City's plea to the jurisdiction.

---

[1]Irene M. Grant was also a plaintiff in the suit below.  The trial court granted summary judgment to the City on Grant's claims.  Grant has not appealed from the trial court's judgment.

The City filed a separate "Motion for No-Evidence Summary Judgment" as to each of the other Appellants. The City asserted the same grounds for summary judgment as to each Appellant. Specifically, the City contended that it was entitled to a no-evidence summary judgment on the claims of Appellants Wilsher, Asbill, Garcia, Mayhall, and Wegner on the following grounds:

> [Plaintiff] cannot provide any evidence to support the following elements:
>
> (2) That he was discharged;
>
> (4) That he was replaced by someone under forty, replaced by someone younger, or was otherwise discharged because of age; and/or
>
> (5) That Defendant's stated reason for discharge was a pretext for discrimination.

The City also filed separate traditional motions for summary judgment as to Appellants Wilsher, Asbill, Garcia, Mayhall, and Wegner. The City titled each of its traditional motions in the same manner, such as "Defendant's Motion for Final Summary Judgment on Plaintiff's Cause of Action and on Its Affirmative Defenses Regarding John M. Wegner." In its traditional motions, the City moved for summary judgment on the following grounds:

> The material evidence shows that Plaintiff did not suffer an adverse employment action. The material evidence shows that Plaintiff was not replaced by another person. Plaintiff's cause of action for age discrimination under the Texas Labor Code must wholly fail and be denied.
>
> Defendant has provided evidence of its legitimate, nondiscriminatory reason for its creation and implementation of its voluntary retirement incentive program to reduce its operating expenses during the summer of 2009, and Plaintiff has provided no

legitimate evidence that Defendant's stated reason was a pretext to discrimination.

Plaintiff, for consideration received, release[d] his claims against the Defendant arising out of Plaintiff's participation in the voluntary retirement incentive program.

Appellants filed a response to the City's traditional motions for summary judgment and its no-evidence motions for summary judgment.

The trial court held a hearing on the City's motions for summary judgment. Following the hearing, the trial court entered orders in which it granted the City's traditional motions for final summary judgment as to Appellants Wilsher, Asbill, Garcia, Mayhall, and Wegner. The trial court entered a separate order as to each of these Appellants. By way of example, one of the orders is titled "Order on Defendant's Motion for Final Summary Judgment Regarding Plaintiff John M. Wegner's Cause of Action." The trial court stated in the order that there had been a hearing on "Defendant's Motion for Final Summary Judgment on Plaintiff's Cause of Action" and that, "[a]fter consideration of the pleadings, authorities presented, and arguments of counsel, the Defendant's Motion for Final Summary Judgment on Plaintiff John M. Wegner's Cause of Action is Granted." The trial court did not refer to the City's no-evidence motions for summary judgment in its orders. The trial court entered findings of fact and conclusions of law related to its summary judgment orders.

Appellants present four appellate issues for review. In their first two issues, Appellants contend that the trial court erred when it granted summary judgment to the City on their age discrimination claims because they raised fact issues as to whether they suffered adverse employment actions and as to whether they were replaced by younger workers, were replaced by someone outside the protected class, or were otherwise discriminated against because of age. In their third issue,

Appellants contend that the trial court erred when it ruled that certain statements made by City employees were hearsay and that, therefore, the statements were inadmissible as summary judgment evidence. In their fourth issue, Appellants contend that the trial court erred when it granted the City's plea to the jurisdiction as to the claims of Appellants Wiggins, Garcia Jr., Piland, and Vines.

The trial court granted the City's traditional motions for summary judgment in its summary judgment orders. The trial court did not rule on the City's no-evidence motions for summary judgment. To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Evidence is conclusive only if reasonable minds could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Siegler*, 899 S.W.2d at 197.

As stated above, the City raised multiple grounds for summary judgment in its traditional motions for summary judgment. The trial court entered general summary judgment orders in which it did not specify the ground or grounds upon which it rendered summary judgment. Generally, when a party asserts multiple grounds for summary judgment in its motion and the trial court does not specify a ground for its summary judgment, we will affirm the summary judgment if any

ground asserted in the motion is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

The record in this case demonstrates that the trial court did not grant summary judgment to the City on all the grounds asserted in its traditional motions. The trial court entered findings of fact and conclusions of law. Findings of fact and conclusions of law have no place in a summary judgment proceeding. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994); *Mattox v. Cnty. Commissioners' Court*, 389 S.W.3d 464, 469 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Summary judgment is appropriate only if there is no genuine issue of material fact. If a trial court makes factual findings, this indicates that a question of fact was present and that, therefore, summary judgment was improper. *Odessa Tex. Sheriff's Posse, Inc. v. Ector Cnty.*, 215 S.W.3d 458, 463–64 (Tex. App.—Eastland 2006, pet. denied).

We recognize that, in general, we should not consider a trial court's findings of fact in a review of a summary judgment order. *Mattox*, 389 S.W.3d at 469. However, in this case, the trial court's findings conflict with the general summary judgment orders. At a minimum, the trial court found that fact issues existed on some of the summary judgment grounds asserted by the City in its traditional motions. The findings of fact demonstrate that the trial court did not intend to grant summary judgment on all the grounds urged by the City. For example, the trial court found that "[t]here is a fact issue as to whether the reasons offered by the Defendant for the action affecting the Plaintiffs' employment was a pretext for age discrimination" and that "[t]here is a fact issue as to whether the 'Release' signed by each Plaintiff was done so knowingly and voluntarily." Although Appellants all presented similar summary judgment evidence on the issue of whether they were constructively discharged, the trial court found that a fact issue existed as to whether Asbill and Mayhall were constructively discharged but also found that the

6

other three Appellants were not constructively discharged. In the context of a traditional motion for summary judgment, the City had the burden to conclusively negate that Appellants suffered an adverse employment action.

The trial court erred when it entered findings of fact and conclusions of law. Based on the trial court's findings of fact, we cannot determine the ground or grounds upon which the trial court relied when it granted summary judgment. Nor can we hold that any of the City's grounds for traditional summary judgment were meritorious. Therefore, Appellants' first and second issues are sustained.

Appellants contend in their fourth issue that the trial court erred when it granted the City's plea to the jurisdiction that related to the claims of Appellants Wiggins, Garcia Jr., Piland, and Vines.[2] The City asserted that the trial court lacked jurisdiction over the claims of these Appellants because they failed to exhaust their administrative remedies. Section 21.201(a) of the Labor Code provides that "[a] person claiming to be aggrieved by an unlawful employment practice or the person's agent may file a complaint with the commission." LABOR § 21.201(a). Section 21.202(a) provides that "[a] complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." *Id.* § 21.202(a). The timely filing of an administrative complaint is a mandatory and jurisdictional prerequisite to filing suit. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Lueck v. State*, 325 S.W.3d 752, 763 (Tex. App.—Austin 2010, pet. denied). The failure to file a complaint within the 180-day period constitutes a failure to exhaust administrative remedies and deprives the trial court of subject-matter jurisdiction. *Lueck*, 325 S.W.3d at 763–66; *Tex. Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 358 (Tex. App.—Austin 2007, pet. denied) (*Dearing II*).

---

[2]The trial court's order granting the plea to the jurisdiction was not a final, appealable judgment when it was entered because it did not dispose of all parties and all claims. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Appellants Wiggins, Garcia Jr., Piland, and Vines did not file complaints with the Commission. The other Appellants all filed timely complaints of age discrimination with the Commission, and they all received notices of their rights to file civil actions from the Commission. The Labor Code provides that the person claiming to be aggrieved or the person's agent may file a complaint with the Commission. LABOR § 21.201(a). The City contends that Appellants Wiggins, Garcia Jr., Piland, and Vines cannot rely on the complaints filed by the other Appellants for the purpose of exhausting their administrative remedies because the other Appellants were not their agents.

Appellants argue that the single-filing rule applies to the claims of Appellants Wiggins, Garcia Jr., Piland, and Vines and that the rule allows them to properly join their claims in this suit. The federal courts have fashioned the single-filing rule, also known as the "piggybacking" rule, in discrimination cases brought under Title VII of the Civil Rights Act of 1964.[3] *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 564 (2nd Cir. 2006); *Dearing II*, 240 S.W.3d at 359. The single-filing rule allows a plaintiff who has not filed a charge with the Equal Employment Opportunity Commission to piggyback on an EEOC complaint that has been filed by another person who is similarly situated. *Tex. Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 459–60 (Tex. App.— Austin 2004, pet. denied) (*Dearing I*). Two conditions must be met for one or more plaintiffs to join individual claims if the named plaintiff filed a timely administrative charge: the persons attempting to piggyback must be similarly situated to the person who actually filed the EEOC charge, and the charge must provide notice of the collective or class-wide nature of the charge. *Id.*

In *Dearing II*, which was a class action, the court reaffirmed its holding in *Dearing I* that the single-filing rule applies to age discrimination cases that are

---

[3]*See* 42 U.S.C. §§ 2000e–2000e-17.

brought under Texas law. *Dearing II*, 240 S.W.3d 360–61. After a thorough examination of the relevant provisions of the Labor Code, the *Dearing II* court concluded that "the labor code manifests the legislature's intent to incorporate the single-filing rule from title VII jurisprudence." *Id.* at 360. The court held that the plaintiffs who had not filed discrimination complaints with the Commission could rely on the complaint filed with the Commission by another plaintiff for the purpose of satisfying the requirement that they exhaust their administrative remedies before filing a discrimination suit in court. *Id.* at 360–61. The plaintiff who files the complaint with the Commission need not be the agent of the plaintiff who did not file such a complaint for the single-filing rule to apply. *Id.* at 359–60.

We agree with the sound reasoning of the *Dearing II* court. Unlike *Dearing II*, this case is not a class action. The single-filing rule also applies to multiple-plaintiff, non-class action suits. *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004); *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 695 (5th Cir. 1982); *Crawford v. U.S. Steel Corp.*, 660 F.2d 663, 665–66 (5th Cir. 1981). The federal courts universally recognize that, "in a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement." *Foster*, 365 F.3d at 1197 (quoting *Allen*, 665 F.2d at 695). In this case, the claims of all Appellants, as alleged, arose out of similar discriminatory treatment in the same time frame. We conclude that the single-filing rule applies to the claims of Appellants Wiggins, Garcia Jr., Piland, and Vines. The trial court erred when it granted the City's plea to the jurisdiction as to their claims. Appellants' fourth issue is sustained. Based on our rulings on Appellants' first, second, and fourth issues, we need not address Appellants' third issue. TEX. R. APP. P. 47.1.

We reverse the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.


JIM R. WRIGHT

CHIEF JUSTICE


December 31, 2013

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.