**Affirmed and Opinion filed May 9, 2019.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-18-00267-CV

### ERNEST GONZALES, Appellant

**v.**

### THORNDALE COOPERATIVE GIN AND GRAIN COMPANY, Appellee

**On Appeal from the 20th District Court
Milam County, Texas
Trial Court Cause No. CV37573**

## OPINION

Is a separate letter from the trial judge that purports to identify the ground on which summary judgment was granted incorporated into the trial court's final judgment? On the facts of this appeal, we hold it is not.

Appellant Ernest Gonzales slipped and fell in a bathroom located on property owned by appellee Thorndale Cooperative Gin and Grain Company. Thorndale successfully moved for traditional summary judgment on Gonzales's negligence claim. The trial court did not include any specific reason for granting Thorndale's

summary-judgment motion in its final judgment. Gonzales only challenged one of the two available grounds for the trial court's summary judgment. We affirm.

## BACKGROUND

Thorndale operates a grain storage facility in Thorndale, Texas. Gonzales, a commercial trucker, began hauling for Thorndale in 2013. Gonzales frequently spent the night on the property and used Thorndale's bathroom facilities. In 2014, Gonzales planned to haul wheat from Thorndale to the Port of Houston. While Gonzales was brushing his teeth at one of the bathroom sinks, he felt something on his upper back. When he saw a rat tail on his shoulder, Gonzales panicked and lost his footing. Gonzales struck the back of his head on the sink and suffered an eye injury.

Gonzales filed suit against Thorndale for negligence. Thorndale filed a traditional motion for summary judgment. In its order signed January 31, 2018, the trial court granted Thorndale's traditional motion for summary judgment and dismissed all of Gonzales's claims against Thorndale with prejudice. Gonzales appealed. By order of the Supreme Court of Texas, the appeal was transferred from the Third Court of Appeals to this court.[1] *See* Tex. Gov't Code Ann. § 73.001.

## ANALYSIS

Thorndale moved for traditional summary judgment on two distinct bases:

(1) that it owed no duty to warn Gonzales with regard to the open, obvious, and known hazards of rats in the bathroom and standing water on the bathroom floor, *see Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) ("[T]he Court has typically characterized the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious

---

[1] There appears to be no conflict between precedent of the Third Court of Appeals and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

2

or otherwise known to the invitee."), and

(2) that Gonzales could not "establish as a matter of law that Thorndale breached its duty to him to make or warn of an unreasonably dangerous condition" relating to the presence of wild rats indigenous to central Texas on Thorndale's property, *see Union Pac. R.R. v. Nami*, 498 S.W.3d 890, 897 (Tex. 2016) ("[U]nder the doctrine of *ferae naturae*, a property owner owes an invitee no duty of care to protect him from wild animals indigenous to the area unless [the property owner] reduces the animals to his possession, attracts the animals to the property, or knows of an unreasonable risk and neither mitigates the risk nor warns the invitee.").

Thorndale relied on deposition testimony by Gonzales and Thorndale's corporate representative.

In its final judgment signed January 31, 2018, the trial court did not specify the grounds upon which it was relying to grant Thorndale's motion for summary judgment. The trial court stated: "After considering the motion, the exhibits, and the response, this Court has determined that said motion has merit and should be GRANTED." When the trial court does not specify the basis for its summary judgment, the appellant must show that the trial court erred to base the summary judgment on every ground asserted in the motion. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ). When the appellant fails to challenge each possible summary-judgment ground, we must uphold the judgment on the unchallenged grounds. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Heritage Gulf*, 416 S.W.3d at 653; *Bailey*, 631 S.W.2d at 786.

In his single issue on appeal, Gonzales contends the trial court erred in granting Thorndale's motion for summary judgment "where evidence was presented

to the trial court that the subject danger was concealed and unknown" to Gonzales. Within this issue, Gonzales argues, first, that Thorndale mischaracterized the subject danger too generally as rats in the bathroom, and second, that Gonzales did not have full knowledge of the specific "danger of rats falling on him from the ceiling above." Even construing Gonzales's appellate brief liberally, he has not raised an issue or argument challenging the independent, alternative *ferae naturae* basis for the trial court's decision. *See* Tex. R. App. P. 38.1(f), (h), (i). As the appellant, Gonzales bore the responsibility to frame the issues and arguments for his appeal; and we have no discretion to create an issue or argument not raised in the appellant's brief. *See id.*; *Leonard v. Knight*, 551 S.W.3d 905, 912 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Therefore, we must uphold the summary judgment on this ground. *See Malooly Bros.*, 461 S.W.2d at 121; *Heritage Gulf*, 416 S.W.3d at 654; *Bailey*, 631 S.W.2d at 786.

Perhaps Gonzales only challenged the "open, obvious, and known" summary-judgment ground because the trial judge sent trial counsel a letter dated January 31, 2018, which stated that the trial court had "concluded that the alleged hazards on [Thorndale]'s property were open, obvious and known to [Gonzales], and as such, [Thorndale] had no duty to [Gonzales] with respect to those hazards, and [Gonzales's] premises liability claim fails as a matter of law." Based on Thorndale's response brief, it appears Thorndale also may have been operating under the misimpression that the trial court "did not rule on Thorndale's *ferae naturae* argument in its Motion for Summary Judgment."

Longstanding case law only permits the appellate court to look to the trial court's formal summary-judgment order to determine the trial court's grounds, if any, for its ruling. *See, e.g.*, *Mattox v. Cty. Comm'rs Court*, 389 S.W.3d 464, 469 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("Our precedent instructs that

appellate courts should not consider such letters in reviewing the trial court's summary judgment."); *Bush v. Coleman Powermate, Inc.*, No. 03-04-00196-CV, 2005 WL 1241075, at *8 (Tex. App.—Austin May 26, 2005, no pet.) (mem. op.) ("The finding in the e-mail 'order' is not binding. It is not the formal order granting summary judgment to which we must look for the court's reasons for ruling."); *RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 126 (Tex. App.— Houston [14th Dist.] 1997, pet. denied) ("A letter cannot be considered on appeal as giving the reasons for the [summary] judgment."); *Shannon v. Tex. Gen. Indem. Co.*, 889 S.W.2d 662, 664 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("Although the trial court stated its grounds for granting the summary judgment in a letter to the parties, the actual signed order states no grounds. A letter is not the proper method for apprising the parties of the grounds for the granting of summary judgment, and cannot be considered on appeal as giving the reasons for the judgment.").[2] The trial court issued a general order in granting Thorndale's motion for summary judgment. If Gonzales wanted the order to specify the trial court's grounds for determining summary judgment, then he was free to file a timely motion for reconsideration requesting the trial court expressly state in its judgment that the sole basis for its ruling was that the hazards were open, obvious, and known. He did not do so, and the trial court did not so limit its judgment.[3]

---

[2] We are not presented with, and therefore do not reach, any question of whether the trial court could transform a general summary judgment into a summary judgment granted on specific grounds by reference to or incorporation of a letter or other statement or notation in the record in which the trial court may have indicated its reasons for its summary-judgment ruling. *Cf. Heritage Gulf*, 416 S.W.3d at 654 (concluding that summary-judgment order was general and rejecting appellants' attempt to rely on portion of order ruling on motion in limine when trial court did not state it was granting limine motion based on certain grounds because it had also granted summary judgment on those grounds).

[3] Even when a trial court's summary-judgment order specifies the ground or grounds on which it was granted, we need not limit our review to that ground or those grounds. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996) (holding that appellate courts should

While we recognize that the consequences may seem harsh, the rule we apply today has a "fairly sound policy basis." *See Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 426 (Tex. App.—Texarkana 2002, no pet.) (op. on reh'g). This rule "gives litigants and appellate courts a single place to look to determine why the trial court granted summary judgment." *Id.* Thus, we are not "forced to parse statements made in letters to the parties, at hearings on motions for summary judgment, on docket notations, and/or in other places in the record." *Id.* Much like the express summary-judgment pleading rule announced in *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 341 (Tex. 1993), this rule furthers "the policy of seeking clarity and simplicity in summary judgment practice."[4]

We overrule Gonzales's single issue and affirm the trial court's final judgment.


/s/    Charles A. Spain
        Justice


Panel consists of Justices Wise, Zimmerer, and Spain.

---

consider all summary-judgment grounds trial courts rule on and movants preserve for appeal, and may consider other grounds preserved for appeal but not ruled on in the interest of judicial economy).

[4] In light of this policy, trial courts do litigants no favors by writing such letters.

6