**Affirmed and Memorandum Opinion filed August 18, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00531-CV

## CARLOS DAMIAN, Appellant

## V.

## PASA HOUSING GROUP, LLC AND GURINDA AKHTAR, Appellees

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2016-30631**

## MEMORANDUM OPINION

Appellant Carlos Damian appeals from the final summary judgment granted in favor of appellees, Pasa Housing Group, LLC and Gurinda Akhtar, on his fraud claims against them. Concluding there is no reversible error, we affirm the trial court's final judgment.

### BACKGROUND

Damian worked at the Pecan Place Apartments as a Pasa Housing employee.

Damian alleged that he cut a finger on his right hand while he was working at the Pecan Place Apartments. Damian further alleged that he immediately reported the injury to Linda Orellana, the Pecan Place manager, who told him that the company had no workers' compensation insurance. Orellana then told Damian that he would have to pay for any medical treatment his finger required. According to Damian, Orellana's statement informing him there was no insurance, caused him "great anxiety, mental anguish, and emotional distress" because he could not work and had no insurance providing financial benefits.

In addition, Damian asserted that Orellana's representation that Pasa Housing did not have insurance prevented him from receiving prompt medical treatment for his finger. Damian did have "medical insurance through Harris County." Damian stated that he was not able to see a Harris County doctor until several weeks after he injured his finger. During this period, Damian asserted that he could not get medical treatment or pain killers, and as a result, he "had to endure pain for several weeks." In addition, Damian worried about having the money to pay his bills, how to see a doctor, and the disruption to his family caused by Orellana's misrepresentation. According to Damian, he "lost several hours of sleep worrying about these things." Damian's finger became infected and ultimately had to be amputated.

Several months after Damian's finger amputation, Pasa Housing notified Damian that Pasa Housing might have workers' compensation insurance. Damian did not file a claim however.[1] Damian instead sent a notice to Pasa Housing of his

---

[1] While Damian did not file a claim, Pasa Housing reported Damian's injury to its worker's compensation insurance carrier, which ultimately denied his claim. Damian did not challenge this denial with the Texas Department of Insurance, Division of Workers' Compensation dispute resolution system.

"election to retain common law rights to pursue personal injury claims."[2]

Damian filed suit against Pasa Housing and Akhtar, the alleged owner of Pasa Housing, asserting causes of action for negligence and fraud. Damian alleged that Akhtar was liable in her individual capacity because she was the alter ego of Pasa Housing and also because Pasa Housing was used to perpetrate a fraud against Damian. Damian sought damages he alleged were caused by his workplace injury as well as by Pasa's alleged misrepresentation regarding the existence of worker's compensation insurance. Appellees eventually filed a motion for summary judgment on Damian's claims against them asserting among other things subscriber-based immunity granted under the Texas Workers Compensation Act. The trial court granted this first motion for summary judgment only on Damian's negligence-based claims. Damian has not challenged this decision on appeal.

After additional discovery, appellees filed their First Amended No-Evidence Motion for Summary Judgment on Damian's fraud allegations. Appellees asserted Damian had no evidence that (1) his damages were caused by Pasa Housing's alleged misrepresentations, (2) he suffered damages, and (3) there was no evidence that would support liability against Akhtar individually.[3] Damian filed a response to appellees' motion. The only evidence Damian attached to his response was his own affidavit. The trial court granted the motion, which disposed of Damian's remaining claims. This appeal followed soon thereafter.

---

[2] Damian has not raised any issue on appeal related to his purported unilateral "election to retain common law rights to pursue personal injury claims." We therefore cannot address whether this is a right that a worker in Damian's position possesses.

[3] Appellees specifically alleged that Damian had no evidence that (1) Akhtar had ever spoken with Damian or made any representations, false or otherwise, to him; (2) Pasa Housing's limited liability company status was used as a means of perpetuating a fraud against Damian; (3) such a unity existed between Akhtar and Pasa Housing that Pasa Housing's separate identity as a limited liability company had ceased; and (4) holding only Pasa Housing liable would result in injustice to Damian.

ANALYSIS

## I.    Standard of review

We review the trial court's grant of summary judgment de novo. *See, e.g.*, *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). If an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on the unchallenged ground. *Gonzales v. Thorndale Cooperative Gin and Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.— Houston [14th Dist.] 2019, no pet.).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 582. Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

## II.    The trial court did not err when it granted appellees' no-evidence motion on Damian's fraud cause of action.

Damian raises a single issue on appeal challenging the trial court's summary judgment only on his fraud claim against Pasa Housing. In other words, Damian has not challenged on appeal the trial court's summary judgment on his

negligence-based claims or the summary judgment granted on his claims against Akhtar individually.

We turn now to Damian's argument on appeal that the trial court erred when it granted Pasa Housing's no-evidence motion for summary judgment on his fraud claim seeking damages for physical pain, suffering, and mental anguish. Even if we assume for purposes of this appeal that Damian could pursue a separate fraud claim, an issue we cannot reach, we conclude that the trial court did not err when it granted Pasa Housing's motion. We reach this conclusion because Damian offered no summary-judgment evidence that the alleged post-finger-injury fraud caused him any mental anguish, nor any physical pain and suffering, above and beyond that which he experienced as a result of his work-related finger injury.

To recover mental anguish damages, a plaintiff must offer evidence of the nature, duration, and severity of the mental anguish. *Service Corp. Intern. v. Guerra*, 348 S.W.3d 221, 231 (Tex. 2011). This evidence must demonstrate that the nature, duration, and severity of the mental anguish was sufficient to cause either a substantial disruption in the plaintiff's daily routine or a high degree of mental pain and distress. *Id.* The evidence must establish that the plaintiff suffered "more than mere worry, anxiety, vexation, embarrassment, or anger." *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995).

The only evidence Damian filed in response to Pasa Housing's motion was his own affidavit. In that affidavit Damian stated that "Orellana's statements to me about no insurance caused me great anxiety, mental anguish, and emotional distress." Damian also stated that the alleged misrepresentation regarding insurance prevented him from getting prompt medical care and he suffered pain for several weeks before he could see a doctor. Damian also averred that he "felt great anxiety when Ms. Orellana told me that there was no insurance. I worried about

5

money to pay my bills. I also worried about how to see a doctor and how to pay for the medical expenses. I lost several hours of sleep worrying over these things. I also worried about all of the disruption to my family that Ms. Orellana caused by her statements." This affidavit testimony provides no specific details of Damian's alleged mental anguish beyond losing several hours of sleep. It does not establish that the alleged misrepresentations caused a substantial disruption of Damian's daily routine or that he experienced a high level of mental pain and distress rising above "mere worry, anxiety, vexation, embarrassment, or anger." *Parkway*, 901 S.W.2d at 444; *see Service Corp. Intern.*, 348 S.W.3d at 232 (stating that "generalized, conclusory descriptions of how an event affected a person are insufficient evidence on which to base mental anguish damages"); *Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 861 (Tex. 1999) ("Simply because a plaintiff says he or she suffered mental anguish does not constitute evidence of the nature, duration, and severity of any mental anguish that is sufficient to show a substantial disruption of one's daily routine."). We conclude Damian's summary judgment evidence does not raise a genuine issue of material fact as to whether Damian sustained compensable mental anguish damages as a result of the post-finger-injury misrepresentations.

Pasa Housing also argued that Damian had no evidence that the alleged misrepresentation regarding the existence of workers' compensation insurance caused Damian physical pain and suffering beyond that which was caused by the original work-related finger injury. Damian did not attach expert medical evidence, or even medical records, to his summary judgment response. Instead, the only evidence Damian submitted was his own affidavit. While Damian's affidavit would be sufficient in a simple negligence case to establish a fact issue on the immediate pain and suffering he experienced as a result of the initial work-

6

related finger injury and amputation,[4] we conclude it is insufficient to establish a fact issue on the existence or extent of separate pain and suffering caused by the alleged misrepresentations underlying his fraud claim against Pasa Housing, Damian's only remaining claim. *See Kelley & Witherspoon, LLP v. Hooper*, 401 S.W.3d 841, 850 (Tex. App.—Dallas 2013, no pet.) (stating that "lay testimony was not sufficient to establish a causal connection between the September 2004 auto accident and Charles's medical problems months and even years afterwards"); *Tex. Dept. of Transp. v. Banda*, No. 03-09-00724-CV, 2010 WL 5463857, at *5 (Tex. App.—Austin Dec. 22, 2010, pet. denied) (mem. op.) (stating that while plaintiff's testimony alone provided legally sufficient evidence of pain suffered immediately after accident, expert medical testimony was required to establish duration of injuries and associated pain); *Humphrey v. AIG Life Ins. Co.*, No. 14-08-00973-CV, 2010 WL 2635643, at *5 (Tex. App.—Houston [14th Dist.] July 1, 2010, pet. denied) (mem. op.) (affirming summary judgment when plaintiff failed to include expert testimony in summary judgment response establishing causal link between the lifting injury at issue in lawsuit and plaintiff's total disability when plaintiff suffered from other medical ailments that could have been a causal factor as well). We conclude Damian's summary judgment evidence does not raise a genuine issue of material fact as to whether he suffered additional pain and suffering damages beyond those caused by the initial finger injury. We therefore overrule Damian's single issue on appeal.

---

[4] *See Guevara v. Ferrer*, 247 S.W.3d 662, 668 (Tex. 2007) ("Thus, non-expert evidence alone is sufficient to support a finding of causation in limited circumstances where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence.").

## CONCLUSION

Having overruled Damian's issue on appeal, we affirm the trial court's final judgment.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.