**REVERSE and RENDER in part; AFFIRMED in part; and Opinion Filed November 16, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01031-CV**

**NFVT MOTORS, LLC D/B/A CREST NISSAN, Appellant**
**V.**
**JUPITER CHEVROLET, L.P., Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-06342-2019**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Smith
Opinion by Justice Reichek

NFVT Motors, LLC d/b/a Crest Nissan appeals the trial court's summary judgment in favor of Jupiter Chevrolet. In three issues, Crest Nissan contends the trial court erred in awarding Jupiter Chevrolet its attorney's fees and costs and in concluding the noncompetition provision in the employment agreement at issue was overbroad. Because we conclude the award of attorney's fees to Jupiter Chevrolet was not authorized, we reverse that portion of the trial court's judgment and render judgment that Jupiter Chevrolet take nothing on its claim for fees and costs. We affirm the judgment in all other respects.

## Background

On August 18, 2015, Dee Anne Chase signed an employment agreement with Crest Nissan in connection with her position as controller of the Crest Nissan car dealership. The employment agreement was "by and between NVFT Motors, LLC, dba Crest Nissan, a Delaware limited liability company (the '*Company*') and Dee Anne Chase ('*Employee*')" and included a non-competition provision. Pursuant to the non-competition provision, Chase agreed not to be connected with any business or entity that competed with Crest Nissan within a fifty mile radius of the dealership's premises for a term of one year following the termination of her employment with Crest Nissan. In the event Chase breached the provision, the contract stated "the parties agree . . . the Dealership shall be entitled to pursue all rights and remedies available at law or in equity." An attorney's fees provision in the contract stated,

> If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs in addition to any other relief to which they may be entitled.

In 2019, Chase resigned her position with Crest Nissan and began working for Jupiter Chevrolet, a car dealership located approximately seventeen miles from Crest Nissan. Crest Nissan filed this suit asserting a claim against Jupiter Chevrolet for tortious interference and a claim against Chase for breach of contact.

Both Jupiter Chevrolet and Chase filed motions for traditional summary judgment. Jupiter Chevrolet's motion asserted three grounds: (1) the covenant not

–2–

to compete in Chase's employment agreement was not enforceable due to a lack of consideration; (2) the agreement's geographic and temporal restrictions on competition were unreasonable and overbroad; and (3) Crest Nissan could not show damages. Chase's motion was substantively similar. Following a hearing, the trial court orally granted the motions and stated it was "going to reform the contract" to reflect a restricted territory of only fifteen miles from Crest Nissan's dealership and a six-month non-competition period.

Jupiter Chevrolet then filed an application for attorney's fees based on the fee provision in Chase's employment agreement. Crest Nissan objected to the application, arguing that Jupiter Chevrolet was not a party to the agreement and, alternatively, the fee provision was preempted by the Texas Covenants Not to Compete Act. Jupiter Chevrolet responded that the term "prevailing party" in the fee provision was not limited to the parties that signed the contract. With respect to the Covenants Not to Compete Act, Jupiter Chevrolet argued the provision was not preempted, and Crest Nissan had either waived its right to argue the fee provision was unenforceable or was estopped from doing so based on its pleadings seeking to recover its fees and costs under the same provision.

The trial court's final judgment stated that the motions for summary judgment filed by Jupiter Chevrolet and Chase were granted, but did not reform the employment agreement or make any reference to the grounds for summary judgment asserted in the motions. The judgment additionally granted Jupiter Chevrolet's

application for attorney's fees and awarded the company $66,189.45 in fees, $2,798.85 in costs, and additional appellate attorney's fees conditional upon success on appeal. Crest Nissan brought this appeal.

## Analysis

### I. Attorney's Fees

In its second issue, Crest Nissan contends the trial court erred in awarding Jupiter Chevrolet its attorney's fees and costs pursuant to the fee provision in the employment agreement because Jupiter Chevrolet was not a party to the contract. Jupiter Chevrolet responds that the term "prevailing party" in the fee provision is broad enough to encompass all prevailing parties in the litigation.

"In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by a contract between the parties." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). In determining whether a third party may enforce a contract provision, the intent of the contracting parties is controlling. *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503 (Tex. 1975). We begin with the presumption that parties contract only for themselves, and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that this was the contracting parties' intent. *Id*. at 503–04.

Jupiter Chevrolet argues it may recover its fees under the fee provision because the agreement does not define the term "party" and Jupiter Chevrolet was a

–4–

"prevailing party" in the litigation under the ordinary meaning of that phrase. We disagree with Jupiter Chevrolet's contention that the agreement does not identify the parties in a manner that is definitional. The first sentence of the contract states that the employment agreement is "by and between" Crest Nissan and Chase. This is followed immediately by the contract's "recitals" which state "in consideration of the mutual covenants and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the parties hereto agree as follows." The contract goes on to repeatedly refer to Crest Nissan and Chase as "the parties." For example, the "Notices" provision states that "[a]ll notices and other communications required or permitted under this Agreement must be in writing and must be delivered to the respective parties at the following addresses." The provision then identifies the "respective parties" as Crest Nissan and Chase. We conclude the plain meaning of the contract read as a whole defines the terms "party" and "parties" as being Crest Nissan and/or Chase. *See Lesieur v. Fryar*, 325 S.W.3d 242, 252 (Tex. App.—San Antonio 2010, pet. denied) (identification of parties to contract definitional rather than merely descriptive); *see also Williamson v. Guynes*, No. 10-03-00047-CV, 2005 WL 675512, at *1 (Tex. App.—Waco 2005, no pet.) (mem. op.).

More importantly, we conclude there is nothing in the contract to suggest that Crest Nissan and Chase intended the attorney's fees provision to benefit persons or entities other than themselves. The purpose of the agreement, as stated in the

recitals, was the creation of an employment relationship and the exchange of mutual covenants and consideration. There is nothing that would show Crest Nissan and Chase intended to obligate themselves to pay fees and costs to others who, because they were not parties to the contract, would not be similarly obligated. *Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*, 361 S.W.3d 773, 783 (Tex. App.— Houston [14th Dist.] 2012, pet. denied). Absent evidence the fee provision was intended to benefit third parties, we conclude the term "party" in the phrase "prevailing party" must be read consistently with the use of the term "party" in the remainder of the contract to refer only to Crest Nissan or Chase.[1] Because the employment agreement does not provide Jupiter Chevrolet with a basis to recover its attorney's fees and costs, and it asserted no other basis for such recovery, we conclude the trial court erred in awarding Jupiter Chevrolet its fees and costs. We resolve Crest Nissan's second issue in its favor. Due to our resolution of this issue, it is unnecessary for us to address Crest Nissan's first issue regarding preemption.

---

[1] Jupiter Chevrolet relies on *Sierra Assoc. Grp., Inc. v. Hardeman*, No. 03-08-00324-CV, 2009 WL 416465 (Tex. App.—Austin 2009, no pet.) (mem. op.) to support its argument that the term "prevailing party" should not be limited to only parties to the contract. In *Hardeman*, the court construed a contract promulgated through an agency rulemaking process. *Id*. at *9. In doing so, the court stated it was deferring to the agency's interpretation of the contract's fee provision as benefitting nonparties because the interpretation was neither "plainly erroneous nor inconsistent with the plain language of the rule." *Id*. at *10. To the extent the court's analysis of the contract's use of the term "party" could be read to apply to the issue before us, we decline to follow it. *See Arlington Home*, 361 S.W.3d at 783 (concluding *Hardeman* not persuasive).

## II. Summary Judgment

In its third issue, Crest Nissan contends the trial court erred in concluding the employment agreement's non-competition provision was overbroad and in reforming the provision's geographic and temporal restrictions. As Jupiter Chevrolet notes, it asserted three grounds for summary judgment. In addition to contending the employment agreement's covenant no to compete was overbroad, it argued the covenant was not supported by consideration and Crest Nissan could not show damages. The trial court's final judgment in this case states only that the motions for summary judgment are granted. It does not specify a ground or grounds on which the judgment is based and it does not reform the employment agreement. When a trial court does not specify the basis for its summary judgment ruling, the appellant must challenge every ground asserted in the motion. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). If the appellant fails to challenge each possible ground, we must uphold the judgment on the unchallenged grounds. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

Crest Nissan contends it was not required to challenge the alternative grounds for summary judgment asserted by Jupiter Chevrolet because the trial court made its reasons for granting the judgment clear in both its oral ruling at the summary judgment hearing and in a docket notation discussing reformation of the covenant not to compete. Longstanding case law requires this Court to look only to the trial court's formal summary judgment order to determine the court's specific grounds,

if any, for its ruling. *See Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.—Houston [14th Dist.] 2019, no pet.). We may not consult the reporter's record of the summary judgment hearing to determine if the judgment is limited to certain grounds. *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 838 n. 9 (Tex. 2022). Nor can we look to docket entries that ordinarily do not form part of the record that may be considered on appeal. *Artuso v. Town of Trophy Club*, No. 02-20-00377-CV, 2021 WL 1919634, at *3–4 (Tex. App.—Fort Worth 2021, no pet.) (mem. op.). The trial court's formal summary judgment in this case does not specify the basis upon which it was granted. Crest Nissan was required, therefore, to challenge all the grounds asserted by Jupiter Chevrolet in its motion. Because Crest Nissan failed to do so, we must affirm the summary judgment on the unchallenged grounds without reaching the merits. *See Malooly*, 461 S.W.2d at 121. We resolve Crest Nissan's third issue against it.

We reverse the portion of the trial court's judgment awarding Jupiter Chevrolet its attorney's fees and costs. We affirm the judgment in all other respects.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

211031F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

NFVT MOTORS, LLC D/B/A CREST NISSAN, Appellant

No. 05-21-01031-CV     V.

JUPITER CHEVROLET, L.P., Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-06342-2019.
Opinion delivered by Justice Reichek. Justices Goldstein and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED AND RENDERED** in part. We **REVERSE** that portion of the trial court's judgment awarding JUPITER CHEVROLET, L.P. its attorney's fees and costs and **RENDER** judgment that JUPITER CHEVROLET, L.P. take nothing by its claim for attorney's fees and costs. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 16th day of November 2022.