

# Fourth Court of Appeals
## San Antonio, Texas

December 12, 2022

No. 04-22-00672-CV

**$8000.00 IN UNITED STATES CURRENCY** and a 2006 Harley Davidson FDX (VIN: 1HD1GP1156K304632),
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. CVW2000726
Honorable Walden Shelton, Judge Presiding

# O R D E R

Appellant filed a letter with this court on November 7, 2022, requesting to proceed "In forma Pauperis," which we construe as Appellant's Statement of Inability to Afford Payment of Court Costs. *See* TEX. R. APP. P. 20.1(c). Accordingly, Appellant's filing fee is waived.

On November 28, 2022, Appellant filed a letter with this court, stating, inter alia, that he requires a free copy of the trial court clerk's record. Appellant's request is **granted**. We direct the clerk of this court to prepare and deliver to Appellant a copy of the clerk's records at no cost to Appellant. *See id*. R. 20.1(c), 43.6.

In his November 28, 2022 letter, Appellant requested findings of fact and conclusions of law. However, this appeal is based on the trial court's granting of Appellee's motion for summary judgment. "The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment." *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). Therefore, this request will not be fulfilled. *See id*.

Appellant also listed several documents he wishes to designate as part of the clerk's record. All of the items specifically listed can be found in the clerk's record submitted in this appeal, except for "Transcripts Nov. 16th, 2020 Zoom Hearing."

Regarding transcripts in this appeal, Court Reporter Julie Verastegui filed a letter with this court on October 19, 2022, stating, "I have received the Notice of Appeal for the case

referenced above. This was a Motion for Summary Judgment, and there was no record made at the time it was heard by Judge Walden Shelton."

The November 16, 2020 order Appellant refers to in his request for documents states, "Respondent, Chad Wade Spence, shall make no discovery requests, and any deadlines for current discovery requests made by Chad Wade Spence are abated, until the Court is satisfied that he has fully and completely responded to Plaintiff's discovery requests." The record shows that Appellant complied with the trial court's order and thereafter submitted his own discovery request.

Because Appellant is not challenging the trial court's November 16, 2020 order, we conclude that a transcript from that hearing would not be necessary or relevant to this court's review of the trial court's September 26, 2022 order granting Appellee's motion for summary judgment.

"Summary judgments are traditionally decided on the pleadings, admissions, stipulations, motions, and discovery." *Albert Lee Giddens, APLC v. Cuevas*, No. 14-16-00772-CV, 2017 WL 4159263, at *2 (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.) (citing *Strachan v. FIA Card Servs.*, No. 14–09–01004–CV, 2011 WL 794958, at *3 (Tex. App.–Houston [14th Dist.] Mar. 8, 2011, pet. denied) (subs. mem. op.)). In some cases, a summary judgment hearing transcript may document and preserve error. *See, e.g., FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 838 (Tex. 2022) (citing *Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 657–58 (Tex. App.—Houston [14th Dist.] 2019, no pet.)). But generally, "appellate courts do not consult the reporter's record of a summary judgment hearing to determine the trial court's grounds, if any, for its ruling on a summary judgment motion." *Id.* A reporter's record is not necessary to our review of a summary judgment order. *See id.*; *Albert Lee Giddens*, 2017 WL 4159263, at *2.

Appellant also requests "letters & Documents filed with & in Response To Some." He states, "All Should Be included." However, Appellant misstates Texas Rule of Appellate Procedure 34.5. For anything not listed under Rule 34.5(a), the request must be specific, and the item must be necessary or relevant. *See id.* R. 34.5(b), (c).

Based on this order, and allowing time for the clerk's record to be mailed to Appellant, the **appellant's brief shall be due on January 20, 2023**.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of December, 2022.

MICHAEL A. CRUZ, Clerk of Court