

# NUMBER 13-24-00253-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ERNEST O. DICKEY,
RITA S. DICKEY,
MATTHEW OWEN DICKEY,
AND KAYLA DEE DICKEY,                                          **Appellants,**

**v.**

TODD FOUST,                                                   **Appellee.**

---

## ON APPEAL FROM THE 90TH DISTRICT COURT
## OF YOUNG COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

Appellants Ernest O. Dickey, Rita S. Dickey, Matthew Owen Dickey, and Kayla

Dee Dickey appeal the trial court's granting of summary judgment in favor of appellee

Todd Foust. By three issues, appellants argue the trial court erred in granting summary

judgment: (1) where Foust did not move for summary judgment on the Dickeys' active pleadings; (2) on Foust's cause of action for declaratory judgment because it would "not resolve the controversy between the parties"; and (3) against the Dickeys on their cause of action seeking declaratory judgment "since [Foust] did not move for summary judgment on that claim as ple[a]d[ed]." We affirm.[1]

## I.    BACKGROUND

Mike and Karen Watkins owned an 80-acre tract in Young County. On July 25, 2007, the Watkins conveyed seventy-five acres to Foust. In the warranty deed, the Watkins reserved an access easement across the seventy-five-acre tract for ingress and egress to their five-acre tract. The access easement was made subject to the following condition: "Neither Grantor (to include Grantor's heirs, devisees, executors and assigns), shall place or maintain gates across the Easement without the consent of the other." This deed was drafted by their attorney Stan Peavy and recorded in the official public records of Young County.

The Watkins thereafter conveyed their five-acre dominant tract and its access easement to other grantees. The property was subsequently conveyed, and the Watkins' interest in the five-acre tract vested in Ashley Webb on April 7, 2017.

On August 4, 2017, Foust conveyed the seventy-five-acre tract, subject to the access easement, and a ninety-nine-acre tract to Ernest and Rita. On December 21, 2017, Ernest and Rita subsequently conveyed the ninety-nine-acre tract to Matthew and Kayla.

---

[1] This appeal was transferred from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001. We are required to follow the precedent of the transferor court to the extent it differs from our own. TEX. R. APP. P. 41.3.

Thereafter, Webb alleged that Matthew and Kayla obstructed access to her easement and interfered with potential buyers of her property informing them that there was no easement to the five-acre tract. On September 16, 2018, Peavy filed a "Correction Affidavit"—dated effective July 25, 2007. The affidavit stated that the access easement he drafted in 2007 should have read as follows: "Neither Grantor or Grantee (to include Grantor and Grantee's heirs, devisees, executors and assigns), shall place or maintain gates across the Easement without the consent of the other." Foust and the Watkins signed the corrected affidavit.

On December 3, 2020, Webb sued the Dickeys for breach of contract, breach of easement covenant, interference with prospective business relations, and she sought declaratory and injunctive relief.

On December 28, 2020, the Dickeys answered suit asserting the correction affidavit did not apply to them because they were bona fide purchasers without notice of the correction affidavit. They filed a counterclaim and cross-suit against Foust, including causes of action of common law fraud, fraud by nondisclosure, breach of warranty, and a declaration that the correction affidavit be rescinded.

On August 4, 2023, Foust filed a combined traditional and no-evidence motion for partial summary judgment asserting there was no evidence to support the Dickeys' claims. Specifically, Foust stated there was no evidence to support allegations that he committed common law fraud, fraud by nondisclosure, statutory fraud, breached warranty of title, that the Dickeys are successors in interest to the easement, and he challenged the Dickeys' affirmative defenses of laches, limitations, unclean hands, fraud, and failure to satisfy conditions precedent. Foust further sought declaratory relief:

3

> That (1) the *Warranty Deed with Vendor's Lien* recorded at Vol. 1016, page 694 . . . reserved from conveyance and reserved for the benefit of Grantor Mike D. Watkins and Karen K. Watkins and Grantor's heirs, devisees, executors and assigns the road easement described on pages 2 and 3 of that document, and that (2) the *Correction Affidavit* . . . did not diminish the contractual rights or property rights of the Dickeys in regard to the said easement.

He attached several warranty deeds, the correction affidavit, general deeds, special warranty deeds, and an affidavit of a registered professional land surveyor.

On September 5, 2023, the Dickeys filed an amended answer removing their fraud, fraud by nondisclosure, and statutory fraud causes of action. The Dickeys also responded to Foust's motion for summary judgment by asserting that Foust "did not state any elements of the cause for which he believes no evidence exists." According to the Dickeys, Foust "provides no elements, detail, or support for which elements" he challenges regarding the Dickeys' action for declaratory judgment. They relied on Foust's exhibits to support their contention, and they each filed an affidavit. Foust filed a reply asserting that the Dickeys failed to challenge his no-evidence grounds for summary judgment and failed to produce evidence regarding their affirmative defenses.

The trial court granted Foust's motion for partial summary judgment and severed all claims between the Dickeys and Foust. This appeal followed.

## II.  SUMMARY JUDGMENT

### A.  The Dickeys' Claims

By their first and third issues, the Dickeys argue that the trial court erred by granting summary judgment and denying them declaratory relief where Foust "did not move for summary judgment on [the Dickeys'] active pleadings." The Dickeys assert that they requested declaratory judgment "that the 'correction affidavit' is void" as to them because

4

"they are bona fide purchasers of the property and were not given notice" of the affidavit prior to purchase. They argue that summary judgment and the denial of their declaratory relief was improper because Foust did not address this in his motion for summary judgment.

> In his motion for summary judgment, Foust stated:
>
> Foust is before the Court today because of the Dickeys' mistaken belief and false premise that they are the successors in interest to the original owner of the road easement. They are not, Webb is. Therefore, each and all of the Dickeys' claims against Foust are meritless and should be summarily dismissed.

He further asserted that there was "no evidence that the Dickeys are successors in interest to the road easement, a claim on which the Dickeys base their request for declaratory judgment and on which they would have the burden of proof at trial." Foust relied on *Broadway National Bank v. Yates Energy Corp.* for the proposition "that original parties can effectuate a correction instrument without the signatures of the current property owners . . . [which] applies to bona fide purchasers who are current property owners." 631 S.W.3d 16, 28 (Tex. 2021). Foust argued that the Dickeys assertion that the correction affidavit was somehow improper was therefore false and requested the trial court's "declaration that the correction affidavit did not diminish the Dickeys' contractual rights or property rights." Foust further requested a declaration that the correction affidavit "actually gave the Dickeys bilateral rights with Webb to place and maintain gates across the easement."[2] Therefore, contrary to the Dickeys' assertion, the record provides that Foust moved for summary judgment on the Dickeys' active causes of action. *See* TEX. R.

---

[2] Additionally, Foust challenged each element of the Dickeys' other causes of action, namely, common law fraud; fraud by nondisclosure; statutory fraud; breached of warranty of title; and the Dickeys' affirmative defenses of laches, limitations, unclean hands, fraud, and failure to satisfy conditions precedent.

CIV. P. 166a.[3] We overrule the Dickeys' first and third issues.

## B.     Foust's Request

By their second issue, the Dickeys argue that the trial court erred by granting summary judgment on Foust's request for declaratory judgment because it "is not disputed that Watkins reserved the road easement from their conveyance of the" seventy-five acres, and "the Dickeys are Foust's successors in interest pursuant to that easement." According to the Dickeys, declaratory judgment is improper because "there is no controversy on that issue," and "such declaration by [the trial c]ourt would not resolve the controversy between the parties."

However, in the trial court, the Dickeys argued that they were owners of the easement, they held the rights to the easement, and the correction affidavit sought to restrict them from placing or maintaining gates across the easement. Foust disputed that the Dickeys had that right. Foust argued that the warranty deed reserved to Watkins the sole right to place gates across the easement, that Watkins did not grant an easement to Foust because it was reserved by Watkins, and therefore Foust could not convey it to the Dickeys. In their petition, the Dickeys stated that in the correction affidavit, Foust "sought to change and diminish the effect of his grant of property to the Dickeys, after selling the property" to them. Thus, the issue of whether the Dickeys were "Foust's successors in interest pursuant to that easement" and the effect the correction affidavit had on the

---

[3] Furthermore, on appeal, the Dickeys do not challenge any elements of common law fraud; committed fraud by nondisclosure; statutory fraud; breached of warranty of title; or address their affirmative defenses of laches, limitations, unclean hands, fraud, and failure to satisfy conditions precedent. *See Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("When the appellant fails to challenge each possible summary-judgment ground, we must uphold the judgment on the unchallenged grounds."); *Blue Wave Cap., LLC v. Brownsville Reg'l Hosp., LLC*, No. 13-12-00416-CV, 2013 WL 4769446, at *6 (Tex. App.—Corpus Christi–Edinburg Sept. 5, 2013, no pet.) ("If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground.").

Dickeys was in dispute in the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002 (providing that Uniform Declaratory Judgments Act "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered"). Accordingly, the trial court did not err in granting Foust declaratory relief. We overrule the Dickeys' second issue.[4]

### III.   CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
22nd day of January, 2026.

---

[4] Foust's motion to dismiss the appeal is denied.